MRS. M. E. KINNEY v. Y. & M. V. R. R. Co.

(*Jackson.*   April Term, 1906.)

1. **SUPREME COURT PRACTICE.**  Assignment of error.

An assignment that the trial judge erred in giving the jury per-
emptory instructions to find for the defendant and in declining
to submit the evidence to the jury is good in form.

2. **VERDICT.**  Trial judge without power to direct, where there
is dispute as to any material determinative question.

Where there is a conflict in the testimony as to any material
determinative question, the court, having no power to pass
upon the credibility of the witnesses, must submit the case to
the jury.

Cases cited and approved:   Tyrus v. Railroad, 114 Tenn., 579,
594; Traction Co. v. Brown, 115 Tenn., 323.

3. **COMMON CARRIER.**  Liable for wrongful delivery of pas-
senger, when.

A passenger may maintain an action against a common carrier
where it refuses to deliver her at its usual station platform,
but puts her off three hundred yards from it in the mud and
rain, she being old, crippled and going on crutches.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.—
H. W. LAUGHLIN, Judge.

MARION G. EVANS, for Mrs. Kinney.

FRANCIS FENTRESS, J. M. DICKINSON and C. N. BURCH,
for Railroad Co.

MR. JUSTICE WILKES delivered the opinion of the Court.

These are actions for damages begun before a justice of the peace. On the trial in the circuit court, after all the evidence was in, on motion of defendant's counsel, the trial judge peremptorily instructed the jury to find for the defendant road, and verdicts and judgments were rendered accordingly, and plaintiffs have appealed in each case; the cases being tried together in the court below and in this court.

The error assigned is that the trial judge erred in giving the jury peremptory instructions to find for the defendant, and declined to submit the evidence to the jury.

This assignment is good in form, and properly raises the question whether there was any material evidence upon which plaintiffs would have been entitled to verdicts and judgments.

There is no power in the trial judge to direct a verdict in any case in which there is a dispute as to any material, determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence upon the issues to be tried.

If there is any dispute as to any material, determinative fact, the case must be submitted to the jury. If there is no dispute as to such fact, the question is one of law for the court. *Tyrus* v. *R. R.,* 114 Tenn., 594, 86 S. W., 1074; *Traction Co.* v. *Brown,* 115 Tenn., 323, 89 S. W., 319.

Counsel agree that the defendant road undertook for the usual fare to carry Mrs. Kinney, as a passenger, from Pritchard to Comorant, Mississippi; that she was an old lady, and cripple, and going on crutches.

There is no question made but that the road was obligated to deliver her at the usual station platform at the place of destination.

The defendant road insists that it did deliver her at the station at the usual place, about sixty feet from the depot; that the conductor and porter helped her from the train, and went with her to the depot, carrying her baggage, and left her comfortably in the depot house, and her baggage on the platform. The conductor and porter both swear to this state of facts.

Mrs. Kinney swears that she was put off the train three hundred yards from the depot, over her protest and demand that she be carried to the depot or station house; that she was put off by the porter and either the conductor or flagman; and told that she would not be carried up to the station; that the place where she was put off was full of mud and standing water and logs thrown about; that it had been raining, and everything about there was muddy; that she had to walk on her crutches up to the station, without help, and having a little child about five years old with her; that she was unable to carry her telescope, and had to send back for it; that she missed connection she expected to make, and was compelled to stay all night; and that she contracted cold, and was made sick.

She is corroborated by J. L. Savage, a passenger on the same train, in the main features of her testimony, that the train which she was on stopped three hundred yards from the station, and did not run up to it, as it usually did; and that he got off, and walked up to the station; but that Mrs. Kinney could not walk that far in her condition; and that she got off three hundred yards from the station, after waiting for the train to be pulled up, and requesting that it be done, and after she was told that it would not be.

Now, if this evidence of Mrs. Kinney is to be believed, she had a right of action. There was a sharp conflict between her and the conductor and porter upon the material question as to whether she was carried up to the station or not, and also a conflict on this point between the statement of J. L. Savage and the porter as to where she left the train.

The trial judge did not have the right to pass upon the credibility of the witnesses; but, there being a conflict of evidence on a material, determinative question, the case should have been submitted to the jury, and peremptory instructions were not proper or permissible.

The judgment is reversed, and the cause remanded for a new trial, and the defendant road will pay the costs of the appeal in both cases.