BLANCHE HIGGS, ADMINISTRATRIX WITH THE WILL ANNEXED OF THE ESTATE OF J. W. HIGGS, DECEASED, v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, A CORPORATION.

Opinion filed January 8, 1908.

**Trial — Directing Verdict — Conflicting Evidence.**

1. It is not error to deny a motion for a directed verdict or for a judgment notwithstanding the verdict, when the evidence shows a conflict as to whether the cause of action pleaded has been proven.

**Evidence — Photographs.**

2. Photographs, duly verified, are admissible in evidence as aids to the jury in arriving at an understanding of the evidence or of the situation or condition or location of objects or premises, material and relevant to the issues.

**Same — Weight.**

3. The weight to be given to such photographs by the jury is not of conclusive effect as a matter of law, but depends upon the skill, accuracy and manner in which taken, and they are to be considered under the same tests as other evidence.

Appeal from District Court, Dickey county; *Allen,* J.

Action by Blanche Higgs, administratrix of J. W. Higgs, against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. Judgment for plaintiff and defendant appeals.

Affirmed.

*Geo. T. Webb* and *Alfred H. Bright,* for appellant.

Probative force will be denied to testimony that is plainly at war with physical facts and surroundings. Payne v. R. R. Co., 38 S. W. 308; So. Railway v. Smith, 30 C. C. A. 58; Howe v. Ry. Co., 64 N. W. 102; Medcalf v. St. P. Ry. Co., 84 N. W. 633; Cawley v. Ry Co., 77 N. W. 179; Stafford v. Chippewa Valley Ry. Co., 85 N. W. 1036; Badger v. Janesville Cotton Mills, 70 N. W. 687; Thompson v. Pioneer Press Co., 33 N. W. 856; Groth v. Thomann, 86 N. W. 178.

*W. S. Lauder* and *Austin & Axtell,* for respondent.

A motion for a non-suit must state precisely the ground relied on. Hayne on New Trial, section 116; Tanderup v. Hansen, 66 N. W. 1073; Longley v. Daly, 46 N. W. 247; Howie v. Bratrud, 86 N. W. 747; Minnesota Thresher Co. v. Lincoln, 4 N. D. 61, 61 N. W. 145.

Motion to direct a verdict must point out precisely wherein evidence is insufficient. People v. Banvard, 27 Cal. 470; Sanche v. Neary, 41 Cal. 485; Kiler v. Kimball, 10 Cal. 267; McGarrity v. Byington, 12 Cal. 426.

To support a directed verdict the testimony must be undisputed and be given the most favorable construction that it will bear, and have in its favor all reasonable inferences arising from it. Merchants National Bank v. Stebbins, 89 N. W. 674; Bohl v. Dell Rapids, 91 N. W. 315.

A railway company must keep its right of way reasonably clear of combustible material. Wood Railway Law, 1350, 1362; Pierce on Railroads, 434; Sibilrud v. Minneapolis & St. Louis Ry. Co., 29 Minn. 58; Woodson v. Milwaukee & St. Paul Ry. Co., 21 Minn. 60; Gibbons v. Wisconsin Val. Ry. Co., 17 N. W. 132; Jones v. Mich. Cent. R. Co., 26 N. W. 662; Gibbons v. Wis. Va. R. Co., 28 N. W. 170; White v. M. Pac. Ry. Co., 1 Pac. 611; Field v. N. Y. Cen. Ry. Co., 32 N. Y. 339; Eddy v. Lafayette, 163 U. S.

456, 16 L. Ed. 1082; Clarke v. C., St. P. M. & O. Ry. Co., 33 Minn. 359; Lake Erie, etc., Ry. Co. v. Clark, 62 Am. St. Rep. 772; Hoffman v. King, 73 Am. St. Rep. 715; section 4304, Rev. Codes 1905.

MORGAN, C. J.  This is an action for damages for the destruction of hay and grass by a prairie fire, alleged to have been caused by the defendant's negligence.  The defendant's negligence as alleged in the complaint is based upon:  (1) Negligently permitting dry and combustible grass and weeds to accumulate and remain upon its right of way.  (2) Negligence in the construction of the engine, by reason of which sparks emitted therefrom, which caused the destruction of the property and the consequent damages.  (3) Negligent operation of the engine by the defendant's employes. The answer was a general denial.  The jury found for the plaintiff, and assessed damages at the sum of $1,753.05.  Motions for a new trial and for judgment notwithstanding the verdict were denied.  Defendant has appealed from the judgment entered on the verdict.

There is only one assignment of error, and that is that the trial court erred in refusing to direct a verdict for the defendant at the close of the taking of the testimony.  The ground on which a reversal of the judgment is claimed is that the testimony conclusively shows that the fire which destroyed the plaintiff's hay did not originate on the defendant's right of way, and therefore the allegation of the complaint that the defendant was negligent in permitting dry and combustible material to remain on its right of way was not sustained, and that the condition of the right of way became, for that reason, immaterial.  Plaintiff's evidence, given by several witnesses, was specific that the fire started on the right of way and as to the place on the right of way where the fire started, and where it left the right of way and reached plaintiff's property some distance away.  Some of these witnesses were at the scene of the fire very soon after it started, and testified that it started on the right of way a very few feet from the railroad track.  The defendant's witnesses testified, after an examination of the course taken by the fire, that it did not start on the right of way.  The defendant, however, contends that the plaintiff's witnesses, who testified that the fire originated on the right of way, are all mistaken, or testified falsely, willfully, and relies as conclusive proof of this fact on photographs taken of the right of way at the point where

it is claimed by the plaintiff that the fire originated. These photographs were taken on April 2, 1904, and the fire occurred on November 15, 1903. They were identified by the photographer who took them as accurate photographs of the right of way at the place where it is claimed the fire originated and of the right of way extending each way from that point for a long distance. It is claimed that these photographs show that there was no burned ground at the place where it is claimed by the plaintiff that the fire originated, or at any place near there, and on the contrary that the right of way at these places is covered with grass. The photographs do show some burned ground under the fence at the limit of the right of way, but this is explained by defendant's witnesses as having been burned by the fire burning back. From this evidence we are asked to give conclusive effect to the evidence as indicated by the photographs, and to hold that there was no conflict in the evidence. Upon a review of the evidence we are positive in our conclusion that there is a material conflict in the evidence as to whether the fire originated on the right of way or not, and that it was the province of the jury to determine what the truth was, and that it was not error to submit this question to the jury.

We are asked to disregard all the plaintiff's evidence, as given by his witnesses, as "contrary to reason." The basis of this contention is that the photographs show physical facts of such a character and in such a manner that to give belief to the witnesses' testimony as given on behalf of plaintiff is to believe witnesses testifying to a physical impossibilty. In other words the photographs are relied on as unimpeachable evidence. We do not agree with this contention. Photographs when verified as true pictures of a person or place to the satisfaction of the trial judge, are competent evidence to aid the jury in better understanding the situation than it could if the condition of the person or place were described by oral testimony of witnesses. Am. & Eng. Enc. Law, vol. 22, p. 774, and cases cited; Wigmore on Ev., section 790, and cases cited; Elliott on Evidence, vol. 2, section 1263. They stand, so far as their credibility as evidence is concerned, upon the same basis as maps or diagrams do. Their correctness is not irrefutable. In each case their correctness depends on the reliability, accuracy and skill of the person making the diagram, or taking and developing the photograph. The correctness of a photograph is not wholly dependent on the action or effect of the light. That effect is not

in all cases recorded with like results, and these results depend upon the efficacy of the camera, and the efficiency of the operator. He may be an expert, or an unskilled amateur. It cannot be disputed that the photograph rests upon human testimony as to its correctness, and when unverified carries no conviction as to its correctness. An eminent writer has said on this subject: "It is sufficient to note at this point that by universal judicial concession a map, model, diagram or photograph takes an evidential place only as a nonverbal mode of expressing a witness' testimony." Wigmore on Evidence, section 790. "It is true that a photograph can be deliberately so taken as to convey the most false impression of the object." Wigmore, section 792. In L. E. & W. R. R. Co. v. Wilson, 189 Ill. 89, 59 N. E. 573, it was said: "The general rule is that photographs stand on the same footing as a diagram, map, plan or model, and that a photograph is a legitimate mode of proving a condition which can be shown by a representation of that sort. It rests to some extent upon the credit of witnesses in the same way as a map, plat or plan." In Beardslee v. Columbia Twp., 188 Pa. 496, 41 Atl. 617, 68 Am. St. Rep. 883, the court said: "Photographs are competent evidence, and when properly taken are judicially recognized as of a high order of accuracy. * * * But, in careless or inexpert or interested hands, they are capable of very serious misrepresentation of the original." In Stewart v. St. P. City Ry. Co., 78 Minn. 110, 80 N. W. 855, it was said, in speaking of photographs as evidence: "But their value depends upon their accuracy. They must be shown by extrinsic evidence to be faithful representations of the place or subject as it existed at the time involved in the controversy." In Bruce v. Beal, 99 Tenn. 303, 41 S. W. 445, the court said: "It is not to be understood, however, that every photograph taken by the cathode or X-ray process would be admissible. Its competency, to be first determined by the trial judge, depends upon the science, skill, experience and intelligence of the party taking the picture and testifying with regard to it, and that, lacking these important qualifications, it should not be admitted. And again, that, even when properly admitted, it is not conclusive upon the triers, but is to be weighed like other competent evidence." It seems to be well established that the weight to be given to a photograph as evidence depends upon the manner and circumstances under which it is taken and the skill of the artist and the perfection of the instrument with which it

is taken. In no case have we found that it has been given the great and conclusive weight asked for it by the appellant, and from the nature of things it should not be given such weight; but its weight should be left to the jury to be determined under the same tests that all other evidence is weighed. The fact that the photograph was taken several months after the fire should not detract from its weight, providing the premises were in the same condition as they were in at the time of the fire, or, if not in the same condition, that the changes were duly explained.

Considered in connection with the photographs or without them, there was a substantial conflict in the evidence as to where the fire started, and it was not error to deny the motion for a directed verdict. Upon the same grounds it was not error to overrule the motion for a new trial and the motion for judgment notwithstanding the verdict. The verdict must be sustained therefore, as there was sufficient evidence of defendant's negligence in permitting dry grass and other combustible materials on its right of way and that the fire originated on the right of way and caused plaintiff's loss. It is not necessary to determine whether the evidence shows that the engine was negligently constructed, or was out of repair, or negligently operated, in view of the fact that the judgment appealed from must be necessarily affirmed on the ground stated.

Affirmed. All concur.

(114 N. W. 722.)

---

NOTE: As to use of photographs as evidence. See Dedrich v. Salt Lake City R. Co., 35 L. R. A. 802.

As to judgments notwithstanding the verdict see note to B. & R. Lumber Co. v. Coe Com. Co., 13 N. D. 648, 102 N. W. 880. A judgment notwithstanding the verdict will not be upheld on account of variance between cause of action stated and proof adduced; it must further appear that no amendment of complaint is possible. Welch v. N. P. Ry. Co., 14 N. D. 19, 103 N. W. 396. Also that there is no reasonable probability that the defects in proof and pleading can be remedied on a new trial. Houghton Implement Co. v. Vavrosky, 15 N. D. 308, 109 N. W. 1024.