BORDWELL, Respondent, v. MISSION HILL TOWNSHIP, YANKTON COUNTY, Appellant.

(166 N. W. 229.)

(File No. 4246.   Opinion filed February 5, 1918.)

1.   **Appeals—Error—Review—Conflicting Evidence—Verdict, Conclusiveness of.**

Where, in a suit for injuries alleged to have been caused by reason of a defective highway, the evidence was conflicting

as to whether the road supervisors had taken such steps as the statute requires to safeguard public travel on the highway, the verdict for plaintiff upon that question is conclusive against defendant.

2. **Evidence Photographs, Conditions Shown by—Preliminary Proof re Accuracy, Sufficiency.**

   Where, as preliminary to introduction in evidence of photographs of a roadway, the photographer testified they represented actual conditions as accurately and as completely as they could be shown by a photograph or camera, sufficient foundation as to their accuracy was laid for their admission in evidence.

3. **Evidence—Highways, Injuries From Defects—Subsequent Condition, Testimony, Plat, Photographs, Concerning, re Changed Condition, Competency.**

   In a suit for injuries resulting from defect in a highway, testimony of an engineer as to condition of the highway some thirty-four days subsequent to the accident, the plat prepared by him showing condition of highway at that time, and photographs taken at the same time, were incompetent, unless there was some evidence tending to show the highway was in substantially the same condition as at time of injury, or that changes, if any, were so explained that jury could not have been misled thereby.

4. **Appeals—Error—Injuries From Highway—Instructions, No Exceptions, Presumption re Effect of Evidence, re Condition of Highway.**

   Where, in a suit for injuries from defect in highway, no exceptions were taken to instructions not before the Supreme Court, it will be presumed that jury were fully and correctly instructed as to effect of evidence objected to, and that jury found either that the highway was in substantially the same condition as when accident occurred, or that the changes, if any, were explained sufficiently to render the evidence relevant; in which case no prejudicial error is shown.

5. **Evidence—Defective Highway—Injury to Motor Driver—Vehicle, Evidence of Unlicensed, Refused—Harmless Error, When?—Statute.**

   Under Laws 1913, Ch. 276, Sec. 2, requiring registration of motor vehicles propelled by any power other than muscular, with certain exceptions, including motor delivery wagons, held, in a suit for injuries alleged to have been caused by defect in a highway, the undisputed evidence showing that plaintiff's vehicle was exclusively used as a motor delivery wagon, there being no attempt to show it was used for any other purpose, the exclusion of evidence that it was unlicensed was not prejudicial, if erroneous.

6.  **Evidence—Suit for Personal Injury—Subsequent Expression of Pain, to Layman, Whether Self-serving Declaration—Rule.**

In a suit for damages for injury to plaintiff while driving a motor delivery wagon, held, that testimony of a barber who shaved plaintiff at intervals for some weeks after the injury, that plaintiff when raised up or down in the barber chair, or turned from side to side, flinched as though in pain, was admissible; since the rule that expressions of pain accompanying bodily movement are competent evidence in case of personal injuries, even though made to a layman.

7.  **Appeals—Error—Personal Injuries—Damages, Excessive—Passion and Prejudice, as Affecting.**

Damages in case of personal injuries, are to be considered to be purely within province of jury, and cannot be set aside as excessive, except where amount of verdict, the evidence and entire circumstances indicate that amount of verdict is result of passion or prejudice.

Appeal from Circuit Court, Yankton County. Hon. ROBERT B. TRIPP, Judge.

Action by W. W. Bordwell, against Mission Hill Township, Yankton County, S. D., to recover damages for personal injuries sustained by reason of a defective highway. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*Joseph Janousek,* for Appellant.

*Harry Kinkle,* and *Bogue & Bogue,* for Respondent.

(2)  To point two of the opinion, Appellant cited: · Cunningham v. Fair Haven, 43 Atl .1047.

(3)  To point three of the opinion, Appellant cited: Cunningham v. Fair Haven, 43 Atl. 1047.

Respondent cited: Higgs v. Minn. & St. P. R. R. Co., (N. D.) 114 N. W. 722.

SMITH, J. Action under chapter 210, Laws of 1915, for injuries alleged to have been sustained by reason of a defective highway. Section 1 of the act declares:

"It shall be the duty of the road supervisors of any township * * * to keep all public roads and highways * * * in such condition as to render them safe and passable and free from danger of accidents or injury to persons or property, while in the lawful use thereof, and in case such roads, highways * * * shall become in whole or in part destroyed or out of repair by reason of floods, fires or any other cause, to such an extent as

to endanger the safety of public travel, it shall be their duty, upon receiving notice thereof, to cause to be erected, for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defects, or across such roads or highways, of sufficient height, weight and strength to warn and guard the public from accident or injury to the person or property thereof, and it shall also be their duty to repair the same within a reasonable time thereafter."

Section 3:

"Any person shall have a cause of action against such * * * township * * * for injury to persons or property sustained by reason of any violation of the provisions of this act."

[1, 2] It is conclusively shown by the evidence in the record and established by the verdict of the jury that the highway at the point where the accident occurred was in such a defective condition, caused by washouts on either side of the grade across a small gulch. as to endanger public travel thereon, that such defects had existed for a considerable period of time prior to the accident, and that the board of supervisors had notice of such defective and dangerous conditions for many days, if not months, before the accident occurred. The evidence was conflicting as to whether the road supervisors had taken such steps as the statute required to safeguard public travel on the highway. The verdict of the jury upon that question is conclusive against appellant. The errors are as to rulings upon evidence; insufficiency of the evidence to sustain the verdict; and excessive damages resulting from alleged passion or prejudice on the part of the trial jury. A witness for plaintiff, by profession a civil engineer, made an examination of the highway at the point where the accident occurred, some 34 days subsequent to the accident, and prepared a map or plat showing its condition at that time. At the trial he was permitted, over proper objections, to testify to the conditions he then found and the plat was received in evidence as illustrative of his testimony. It appears to be undisputed that this witness' testimony and plat correctly described conditions existing at the time he made the examination. Appellant's contention is that this evidence was incompetent and irrevelant, for the reason that it did not tend to show conditions as they were at the time of the

accident. On the same day another witness, who was a professional photographer, took photographs of the highway showing the defects therein, as viewed from various points. These photographs were received in evidence over similar objections. The photographer testified that the photographs represented the actual conditions as accurately and completely as they could be shown by a photograph or camera. Appellant also assigns error in that no sufficient foundation was laid for this evidence. We are of the view that the accuracy of these photographs is sufficiently shown. Moulton v. Globe Mut. Ins. Co., 36 S. D. 339, 154 N. W. 830.

"Photographs when verified as true pictures of a person or place to the satisfaction of the trial judge, are competent evidence to aid the jury in better understanding the situation than it could if the condition of the person or place were described by oral testimony of witnesses." Higgs v. Mpls., etc., R. R. Co., 16 N. D. 446, 114 N. W. 722, 15 L. R. A. (N. S.) 1162 15 Ann. Cas. 97; Re McClellan, 20 S. D. 498, 107 N. W. 681.

In the case of Cunningham v. Fair Haven, 72 Conn. 244, 43 Atl. 1047, relied upon by appellant, there was no evidence whatever as to the accuracy of the photograph, which was held necessary to render it competent.

[3, 4] The testimony of the engineer, the plat prepared by him, and the photographs all related to a time long subsequent to the injury, and we think, were whollyy incompent, unless there was some evidence tending to show that the highway was in substantially the same condition as at the time of the injury, or that changes, if any, were so explained that the jury could not have been misled thereby. There was a sharp conflict in the evidence as to the condition and appearance of the highway at the time the accident occurred, plaintiff himself testifying that the highway was so overgrown with tall weeds as to prevent, and that the weeds did prevent, him from seeing the defects or any warning signs, until he was in such position as to render the accident unavoidable, while witnesses for the defendant testified that the weeds had been cut prior to the accident, and that stakes had been driven and boards nailed thereto along the washout which were in plain view and sufficient to warn plaintiff of the dangerous condition of the highway. No exceptions having been taken to the

charge to the jury, and the charge not being before us, it must be presumed that they were fully and correctly instructed as to the effect of the evidence objected to, and that the jury found either that the highway was in substantially the same condition as when the accident occurred, or that the changes, if any, were explained sufficiently to render the evidence revelant, in which case no prejudicial error is shown.

[5]   At the trial defendant sought to show that the motor vehicle which plaintiff was driving at the time of the accident was unlicensed, contending that in such case he was a violator of the law, and not in lawful use of the highway, and therefore could not maintain an action under the statute. It was respondent's contention that it was in fact a motor delivery wagon, and therefore within the exception contained in section 2, c. 276, Laws 1913. Had there been any conflict in the evidence as to the description of the vehicle, or had it been such that different minds might draw different conclusions therefrom, the question sought to be raised might have been presented by the court's ruling. But we are of the view that the undisputed evidence shows that the vehicle was exclusively used as a motor delivery wagon. There was no attempt by cross-examination or otherwise to show that it was used for any other purpose. The refusal of the trial court to receive evidence to show that it was unlicensed was therefore not prejudicial error in any event.

[6]   The trial court, over proper objections, received the evidence of one Fritz, a barber who shaved plaintiff at intervals for some weeks after the injury, to the effect that plaintiff, every time he was in the barber chair, when raised up or down, or turned from side to side, flinched as though in pain. It is appellant's contention that such evidence amounts only to self-serving declarations or acts, and should have been excluded. This question was quite fully considered in Klingaman v. Fish & Hunter Co. 19 S. D. 139, 102 N. W. 601, and, we think, is ruled by what is there said. It is true that courts of high authority have held this class of evidence incompetent but we are of the view that the great weight of authority favors the rule that expressions of pain accompanying bodily movement are competent evidence in cases of personal injuries, even though made to a layman. Sanders v. Reister, 1 Dak. 145, 46 N. W. 680. The

subject is exhaustively treated in a monograph note to the case of Miss. Cent. R. Co. v. Turnage, 24 L. R. A. (N. S.) 253.

[7] Appellant also contends that the verdict of $1,400 is excessive, and that a new trial should be granted for that reason. Damages is cases of personal injuries are usually considered to be peculiarly within the province of the jury, and cannot be set aside by courts as excessive, except where the amount of the verdict the evidence and the entire circumstances are such as to indicate that they are the result of passion or prejudice. As said in Whaley v. Vidal, 27 S. D. 647, 132 N. W. 251:

"We are unable to say, after a careful review of the testimony, that the damages awarded by the jury 'appear to have been given under the influence of passion or prejudice,' and such appears to have been the conclusion of the learned trial judge who denied appellant's motion for a new trial." Eller v. Lord, 36 S. D. 377, 154 N. W. 816.

We have examined all assignments of error, but find no others which merit discussion.

The judgment and order are affirmed.