# CHARLESTON.

C. P. BALLENGEE *v.* BLUEFIELD TELEPHONE CO.

(No. 6053)

Submitted September 15, 1927.   Decided October 4, 1927.

NEGLIGENCE—*Whether Traveler on Street or Highway Exercised Reasonable Care for Own Safety or Was Guilty of Contributory Negligence Precluding Recovery of Damages for Injuries Sustained by Defects or Obstructions in Way, Ordinarily Question for Jury; Becomes One of Law for Court Only Where Facts Are Undisputed and But One Reasonable Inference Can be Drawn From Them.*

Whether a traveler on a street or highway exercised reasonable care for his own safety or was guilty of contributory

negligence precluding a recovery of damages for injuries sustained by reason of defects or obstructions in the way, is ordinarily a question for the jury; and becomes one of law for the court only where the facts are undisputed and but one reasonable inference can be drawn from them.

. Error to Circuit Court, Mercer County.

Action by C. P. Ballengee plaintiff in error against Bluefield Telephone Company, defendant in error. Judgment for plaintiff, defendant brings error.

*Judgment reversed, and entered here.*

*Russell S. Ritz,* for plaintiff in error.
*Strother, Sale, Curd & Tucker,* for defendant in error.

LITZ, JUDGE:

The plaintiff prosecutes error to judgment of the circuit court, setting aside a verdict for $5,000.00 in his favor and granting the defendant a new trial.

The action was brought in trespass on the case to recover damages for personal injury sustained by the plaintiff while driving an automobile north on a street in the city of Bluefield (part of route No. 8 of the state road system), by coming in contact with a telephone pole 35 feet high and 14 inches in diameter, erected and maintained by the defendant within 21 inches of the improved surface of the street. The accident occurred at 9:45 A. M., January 23rd, 1927, 460 feet north of an undergrade railroad crossing designated "Hale Culvert". The plaintiff testified: "I had come out from under the underground culvert when my vision would have been obstructed and about 150 feet north of the culvert a portion of the street there had been under repair, and there was a work gang working in a half of the road, and I drove around these men with due care practically slowed my car down to a walk; and there was a grade leading up the hill, and my car was picking up speed gradually and just about 200 feet, I would say, from the place where the accident happened a truck came around a slight curve right where this pole was located, right in the elbow of the curve. This truck was a wrecking truck towing in a truck owned by the Pan

Dandy Bakery Company in Bluefield that had gone over the bank that morning, and I passed them with safety; and I had been glancing over on my side of the road all the way, and I saw that my road was clear, or apparently so, and my attention was then drawn to watch for the possibility of a third truck or an automobile following in back of the truck that was being towed, or the possibility of a cow running across the road behind it, which was often the case.'' He further stated that the third truck was about 60 feet behind the bread truck, and being of the ''impression'' that the driver of the rear truck ''was going to'', or ''might, crowd'' him, he ''aimed to veer his car over a little in order to give the driver of the third truck more room if necessary'', and that by reason of his attention being thus attracted he did not observe the pole in time to stop. Evidence for the defendant indicates that the third truck actually crossed to the left side of the road.

The defendant maintained three other similar poles on the same side of the road between the one causing the accident and Hale culvert, located at substantially equal intervals approximately 6, 16 and 10 feet, respectively, from the improved surface of the road going north. By letter of June 2nd, 1926, the city engineer of Bluefield advised the defendant that several complaints had come to him regarding the location of the pole in question, and requesting that it be removed about six feet east as soon as possible. The defendant promptly replied: ''With reference to yours of June 2nd, regarding pole on the north side of Hale culvert, would advise that this pole and the rest of the poles to Hale culvert were on private property, being on the land of Mr. Hale. Evidently the street has been changed, and we would thank you to give us a line of the street at this particular point, so that the pole can be moved to the right location, that is, six feet inside of the sidewalk, in case there would be one constructed.'' With this the negotiations seem to have ended and the pole remained as then located. The evidence for the plaintiffs shows that the eastern boundary of the street or road was about twelve feet beyond the pole at a fence maintained by the adjoining property owners. This being true,

the defendant needed no further instructions from the city in order to have relocated the pole as requested.   In view of this and other evidence tending to establish the dangerous location of the pole, the trial court was not warranted in setting aside the finding by the jury of negligence on the part of the defendant.

The defense of contributory negligence by the plaintiff is strongly urged.   This defense is based upon the fact that the pole in question was visible to persons traveling north, after leaving the culvert; and the fact that plaintiff had often traveled the road.   From these facts it is contended that he should have seen the pole in time to avoid the accident by the exercise of reasonable care.   Taking into consideration the safe distances at which the other poles were standing from the improved surface of the road, which may have tended to mislead him, and the other circumstances recited diverting his attention from the pole, it cannot be said as a matter of law that he was guilty of contributory negligence.   Whether a traveler on a street or highway exercised reasonable care for his own safety or was guilty of contributory negligence, precluding a recovery of damages for injuries sustained by reason of defects or obstructions in the way, is ordinarily a question for the jury; and becomes a question of law for the court only where the facts are undisputed and but one reasonable inference can be drawn from them.   ''Questions of negligence and of contributory negligence have likewise been held to be questions of law for the court in many instances where there was no conflict in the evidence, and the court deemed that only one reasonable inference could be drawn from the known facts.''   2 Elliott, Roads and Streets, P. 1619.   ''Generally, one traversing the streets or sidewalks of a municipality has the right to assume that they are in a reasonably safe condition for travel, by day and by night, and though defects therein are plainly to be seen, nevertheless, where one has his attention diverted and for good reasons does not see such defects, and sustains personal injuries therefrom, the question of his contributory negligence is one for the jury depending on all the facts and circumstances in the case.''   *Corbin* v. *City of Huntington,* 81 W. Va. 154, 94 S. E. 38.

The judgment of the circuit court, setting aside the verdict, is reversed and judgment entered here on the verdict.

         *Judgment reversed, and entered here.*