### HANSON v LEWIS

Ohio Common Pleas, Belmont Co

No 5346. Decided Dec 9, 1937

Cowen & Cowen, St. Clairsville, for plaintiff.

Thornburg & Lewis, St. Clairsville, for defendant.

### OPINION

By BELT, J.

This cause has been submitted to the court on a general demurrer to the petition of plaintiff.

The petition alleges, omitting the formal allegations as to the parties, that on and before August 28th of this year defendant's deceased was the owner and on that date in charge of a 1930 Waco airplane, No. NC-610Y, and that on said day plaintiff's decedent was riding therein as a guest at the invitation of defendant's decedent; that defendant's decedent failed and neglected to supply said airplane with an amount of gasoline sufficient to carry the same to his intended destination and that by reason of said neglect the gasoline supply became exhausted while the said airplane was in flight and being driven either by defendant's decedent or by an agent and employee of him, acting under the direction and authority of said decedent, whereby and by reason of the exhaustion of said gasoline supply said airplane fell, fatally injuring plaintiff's decedent; that plaintiff's decedent's death was caused directly and proximately by the neglect of defendant's decedent in failing to supply and equip said airplane with a sufficient amount of gasoline to carry the same to its intended destination; and then follows allegations as to the age and the surviving next of kin. The action is brought as a wrongful death claim.

To this petition the demurrer has been filed, and the claim of defendant is that the said airplane mentioned in the petition is a motor vehicle and that §6308-6 GC, which is the guest non-liability statute, applies. Said section reads as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

Wilful or wanton misconduct is not charged, so that the fate of the demurrer hinges directly on the question as to whether or not an airplane is a motor vehicle under the law as the same exists in Ohio.

Attention is directed to the legal meaning of the word "vehicle" as contained in Bouvier's Law Dictionary which is as follows:

"The word includes every description of carriage or other artificial contrivance used, or capable of being used, as a means of transportation on land."

Webster's New International Dictionary defines the word "vehicle" as follows:

"That in or on which any person or thing is or may be carried, esp. on land, as a coach, wagon, car, bicycle, etc.; a means of conveyance."

The statutory definition of a vehicle in Ohio is as follows:

" 'Vehicle' means everything on wheels or runners, except vehicles operated exclusively on rails or tracks or from overhead electric trolley wires and vehicles belonging to any police department, municipal fire department, volunteer fire department or salvage company organized under the laws of Ohio or used by such department or company in the discharge of its functions."—See 6290, GC, as amended, effective March 11, 1935.

The statutory definition of a motor vehicle found in paragraph two of the same section is as follows:

" 'Motor vehicle' means any vehicle propelled or drawn by power, other than muscular power or power collected from overhead electric trolley wires, except road rollers, traction engines, power shovels and power cranes used in construction work and not designed for or employed in general highway transportation, or drilling machinery, ditch digging machinery, and farm machinery."

The last paragraph of the section reads as follows:

" 'Public roads and highways' for vehicles includes all public thoroughfares, bridges and culverts."

Webster's New International Dictionary defines the term "motor" as:

"To ride in or travel by a motor car or automobile, to drive a motor car, to make a practice of this."

Or as a noun:

"One that imports motion, a source of mechanical power."

Some light may be thrown upon the definition of motor vehicle by the provisions of §6308-7, GC, effective February 27, 1937, which read as follows:

" 'Motor vehicle injury' means any personal injury suffered by a human being and caused by the operation of a motor vehicle on a public way, street or highway of the State of Ohio."

A statute defining a motor vehicle as including automobile trucks, motorcycle or any other self-propelled motor vehicle not designed for running on rails was construed to include airplanes under the National Motor Vehicle Theft Act in the case of McBoyle v U. S. by the Circuit Court of Appeals of Oklahoma, which case is found in 43 F. (2nd) 273 and 274. This case was carried to the United States Supreme Court on appeal, found in U. S. Supreme Court Reports, 75 Law Ed. 819. The same case is also found in 283 U. S. 25-27. The opinion was rendered by Mr. Justice Holmes, decided in 1930. The statutory definition of motor vehicle in the Act under consideration is as follows:

"The term 'motor vehicle' when used in this section shall include an automobile, automobile truck, automobile wagon, motorcycle or any other self-propelled vehicle not designed for running on rails."

The court construed the meaning of the phrase "any other self-propelled vehicle not designed for running on rails" and in that connection the court says:

"No doubt etymologically it is possible to use the word to signify a conveyance working on land, water or air, and sometimes legislation extends the use in that direction, e.g., land and air, water being separately provided for in the Tariff Act, September 22, 1922. But in everyday speech 'vehicle' calls up the picture of a thing moving on land. Thus, in Rev. Stat. §4, title 1, §4, intended, the government suggests, rather to enlarge than to restrict the definition, 'vehicle' includes every contrivance capable of being used 'as a means of transportation on land.' And this is repeated, expressly excluding aircraft, in the Tariff Act. So, here, the phrase under discussion calls up the popular picture. For, after including automobile truck, automobile wagon and motorcycle, the words 'any other self-propelled vehicle not designed for running on rails' still indicate that a vehicle in the popular sense, that is a vehicle running on land, is the theme. It is a vehicle that runs, not something, not commonly called a vehicle, that flies. Airplanes were well known in 1919 when this statute was passed, but it is admitted that they were not mentioned in the reports or in the debates in Congress. It is impossible to read words that so carefully enumerate the different forms of motor vehicles and have no reference of any kind to aircraft, as including airplanes under a term that usage more and more precisely confines to a different class. The counsel for the petitioner have shown that the phraseology of the statute as to motor vehicles follows that of earlier statutes of Connecticut, Delaware, Ohio, Michigan and Missouri, not to mention the

late Regulations of Traffic for the District of Columbia, title 6, chap. 9, §242, none of which can be supposed to leave the earth. Although it is not likely that a criminal will carefully consider the text of the law before he murders or steals, it is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear. When a rule of conduct is laid down in words that evoke in the common mind only the picture of vehicles moving on land, the statute should not be extended to aircraft simply because it may seem to us that a similar policy applies, or upon the speculation that if the legislature had thought of it, very likely broader words would have been used. Judgment reversed."

In the case of People v Congress Radio, Inc., 232 N. Y. S. 647, the term "motor vehicle" was construed under a statute which reads as follows:

"The term 'motor vehicle' as used in this article, except where otherwise expressly provided, shall include all vehicles propelled by any power, other than muscular power, except motor bicycles, motorcycles, traction engines, road rollers, fire wagons and engines, police patrol wagons, ambulances, and such vehicles as run only upon rails or tracks."

It was the opinion of the court that the term as defined intended to include what is generally known as an automobile as commonly used on the public highways, and nothing else.

It will be noted that the case of Schier v State, 96 Oh St 245, defines a motor vehicle under the definition with which we are dealing in such manner as to include automobiles.

It will be further noted that both the guest statute and the definition with which we are dealing found in Chapter 21 under the title "Motor Vehicles" while the subject of aeronautics is found in Chapter 21-A of the Code.

Sec 6310-43 GC, enacted in 1935, effective August 24th, 1935, provides generally that aircraft operated over or within the State of Ohio shall be operated in accordance with the air traffic rules then in effect established pursuant to the United States Air Commerce Act of 1926.

If we construe a motor vehicle under the statutory definition as including airplanes we would have this rather anomalous situation: that an airplane with landing wheels attached, designed for taking off and landing on the earth, would be a motor vehicle, while a seaplane with no wheels attached, made to start from and alight upon a body of water, would not be a motor vehicle, and an amphibian plane, equipped to start and land both on water and on the land, would be a hybrid, either belonging to both classes or to neither.

In the construction of legislative acts usual and ordinary meaning is given to the language used. It would seem that when the word "vehicle" is used it is commonly meant a vehicle that operates upon land. A boat or vessel is not a vehicle. It would not be seriously contended that the guest statute applies to a case of negligent injury to a guest passenger in a motor boat. Again, it must be considered that while the usual airplane has wheels and is equipped with a motor the wheels are merely incidental and necessarily incidental to the starting and termination of a flight, yet they are merely incidental and have no function when the airplane is in flight.

Airplanes were in general and common use in 1930 and it would seem that if the legislature intended to include airplanes in the definition of a motor vehicle, it would have expressly done so. On the contrary, no express reference is made in either definition to any vehicles except those that operate upon the land.

An investigation of the statutory definition of a motor vehicle in the various states fails to disclose in any instance where airplanes are included within that term, and in the investigation the following cases have been read:

American LaFrance Fire Engine Co. v Riordan, 294 Federal 567; Salo v North American Accident Insurance Co., 153 NE 557; Pope v Halpern, 223 Pacific 470; Ex Parte Narling, 241 SW 929; Western Indemnity Co. v Wasco Land & Stock Co., 197 Pacific 390. See also 184 NW 476; 166 NW 229; 153 NW 136; 157 NE 708, an Ohio case, and other cases.

While no cases are found in Ohio on this proposition, it is the conclusion of the court that an airplane is not a motor vehicle within the meaning of §6208-6, GC, commonly called the "guest statute."

For the reasons stated, the demurrer to the petition is overruled.