# JACKSON v. CITY OF NASHVILLE.—68 S. W. (2d) 137.

Middle Section.  September 1, 1932.

Petition for Certiorari granted by Supreme Court, and Judgment of Court
of Appeals Affirmed, April 8, 1933.

J. B. Daniel, of Nashville, for plaintiff in error Mrs. Jackson.

J. Washington Moore, Jack Keefe, Thos. G. Kittrell, Richard P. Dews, and O. W. Hughes, all of Nashville, for defendant in error City of Nashville.

CROWNOVER, J.   This was an action for damages for personal injuries received while walking on the streets of Nashville, caused by stepping into a hole or depression in the street.

The declaration averred the existence of a deep and dangerous hole in the street, the negligence of the defendant corporation in permitting the same to remain for a long time, and that plaintiff received injuries as a result of a fall caused by stepping in said hole.

The defendant pleaded not guilty.   The case was tried by the judge and a jury.   At the close of plaintiff's proof and again at the conclusion of all the evidence the defendant moved the court for a directed verdict, which motions were overruled.   The jury was unable to agree upon a verdict and so reported.

Thereupon the city of Nashville renewed its motion for a directed verdict, on three grounds:

(1)   There was no evidence of a defect in the street, and the city was guilty of no negligence.

(2)   There was no evidence that the city had notice of the defect.

(3)   The plaintiff was guilty of contributory negligence.

The motion was overruled, and the jury was discharged.

Defendant filed a motion for a new trial and asked for a directed verdict in its favor and the entering of a judgment in its favor dismissing plaintiff's suit, on the following grounds:

(1)   The evidence is against the plaintiff and in favor of the defendant.

(2)   The court erred in overruling and not sustaining the motions for peremptory instructions, respectively, in each of the instances above mentioned.

(3) The court erred in refusing to permit the defendant to introduce as evidence the original hospital chart of plaintiff's hospital case.

The court sustained defendant's motion for peremptory instructions and dismissed the case, holding that the defect in the street was not an actionable defect for which the city could be held liable.

Thereupon plaintiff made a motion for a new trial because of the error of the court in sustaining defendant's motion for peremptory instructions, which motion for a new trial was overruled, and plaintiff appealed in error to this court and has assigned nine errors, which, when summarized, raise only one proposition, that the court erred in directing a verdict, as there was evidence to sustain the plaintiff's case, which should have been submitted to a jury.

On the morning of July 6, 1931, Mrs. Jackson went along Sixty-First street, walking, to collect her rents. On the west side of Sixty-First street, a foot or two before she reached its intersection with the north side of New York avenue, she stepped into a hole or depression in the road which caused her to fall, breaking her left leg, which has resulted in paralysis of that leg, and she received other injuries.

Sixty-First street, in the city of Nashville, between New York avenue and Centennial boulevard, is a water-bound macadam road; that is, the street was constructed of broken stone, crushed, and put on the street and rolled by a steam roller. The street is in a thickly populated suburb of the city, in a manufacturing section, and is much traveled. There are no sidewalks on that street in that section.

In May, 1931, the city had this street worked on, scarified, and rolled.

The plaintiff contends that the city negligently allowed a dangerous hole, of the depth of about four inches, to remain in a much-traveled street, into which plaintiff stepped and was thereby injured, and that she was not guilty of contributory negligence. And she insists that, as the facts concerning the accident are in dispute and the evidence conflicting, the questions of the city's liability and her con-contributory negligence should have been submitted to the jury, and the court erred in directing a verdict.

The city's defenses are that the defect in the street was too slight to be made the basis of liability, and she was guilty of contributory negligence.

There was direct conflict between the evidence of the plaintiff and that of defendant city. It was admitted by the city that there was a depression at the northwest corner of the intersection of Sixty-First street and New York avenue, but it was insisted that it was not a dangerous place, not a hole, but a slight wearing away of the road caused by automobiles turning the corner. The superintendent of

streets for the city testified that there was no hole, just a little depression, a little sloping place. The assistant street overseer for the city testified that there was no hole there in July, 1931. The city construction engineer testified that he looked at this street in October, 1931, and saw no hole.

On the other hand, the testimony of the plaintiff is as follows: Mrs. Robert Jackson testified that the hole was four inches deep; that there was an abrupt break in the street, and she stepped on it and it threw her into the hole, which was four or five inches deep. S. M. McMurray, a civil engineer, said that he examined this place on December 23, 1931, and there was a depression beginning at nothing and tapering off to two and one-half inches deep on down to four and one-third inches deep. J. M. Marlin, who saw Mrs. Jackson fall and assisted her, testified that he examined the hole the next day and it was four inches deep. S. G. Tarkington, who was familiar with Sixty-First street, testified that this hole was six or seven inches deep in July, 1931. Mrs. Cordelia Sanders, daughter of Mrs. Jackson, said that about eight weeks after the accident she went and looked at the hole in the street in which her mother fell and it was about four inches deep; that there was a sudden break off, four or five inches deep. Jesse Haskins said: ''I wouldn't imagine it to be very big; I wouldn't say exactly how big it was, but it wasn't such a big hole; an ordinarily hole.''

From the foregoing review of the testimony it is seen that there is a conflict in the evidence of the plaintiff and the defendant.

''In considering defendant's motion for peremptory instructions, that view of the evidence most favorable to plaintiff's case must be taken by the court, and, if there is any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied.'' Mayor and City Council of Nashville v. Reese, 138 Tenn., 471, 197 S. W., 492, L. R. A., 1918B, 349.

''The trial judge should take the most favorable view of the evidence supporting the rights asserted by the party against whom the motion is made, and discard all countervailing evidence. Walton v. Burchel, 121 Tenn., 715, 121 S. W., 391, 130 Am. St. Rep., 788; Railroad v. Williford, 115 Tenn., 108, 88 S. W., 178; Knoxville Traction Co. v. Brown, 115 Tenn., 323, 89 S. W., 319; Kinney v. Railroad, 116 Tenn., 450, 92 S. W., 1116; Norman v. Railroad, 119 Tenn., 401, 104 S. W., 1088; Tennessee Cent. Railroad v. Morgan, 132 Tenn., 1, 175 S. W., 1148; Mayor & City Council v. Reese, 138 Tenn., 471, 197 S W., 492, L. R. A., 1918B, 349; Johnston v. Ry. Co., 146 Tenn., 135, 240 S. W., 429.'' Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn., 551, 556, 249 S. W., 984, 985.

"It has been established by repeated decisions of this court that, upon a motion for peremptory instructions, the entire evidence must be looked to, and that it must be given the construction most favorable to the adversary party; and all reasonable inferences allowed in his favor, and that, if there is then seen to be a dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion should be denied. Kinney v. Railroad Co., 116 Tenn., 451, 92 S. W., 1116; Mayor, etc., v. Reese, 138 Tenn., 479, 197 S. W., 492, L. R. A., 1918B, 349; Western Union Tel. Co. v. Lamb, 140 Tenn., 111, 203 S. W., 752." Johnston v. C., N. O. & T. P. Ry. Co., 146 Tenn., 135, 149, 240 S. W., 429, 433.

"The right of a party to have the jury pass upon the question of liability becomes absolute where the facts are in dispute and the evidence is conflicting, or when the proof discloses such a state of facts that, in essaying to fix responsibility for the injury or damage, different minds may arrive at different conclusions. The question of the defendant's liability lawfully can be withdrawn from the jury and determined by the court as a question of law, when and only when the facts are undisputable, being stipulated, found by the court or jury, or established by evidence that is free from conflict, and when the inference from the facts is so certain that all reasonable men, in the exercise of a fair and impartial judgment, must agree upon it." 20 R. C. L., 169, 170, 171, sec. 141; Lovier v. City of Nashville, 1 Tenn. App., 401; Park City v. Owens, 7 Higgins (7 Tenn. Civ. App.), 359.

There is evidence that Mrs. Jackson stepped on a rock, which caused her to fall, but this is denied by her.

The evidence of the plaintiff, Mrs. Jackson, is that she was not guilty of contributory negligence. She had to watch for automobiles, and heard something behind her, turned around to look, and stepped into the hole and fell down. The hole was of the same color as the street.

Three of the city's employees, W. H. Peebles, Phillip Kerrigan, and Felix Beasley, testified that there were no holes at all in this street, Sixty-First street between New York avenue and Centennial boulevard, and that the street was in very good condition. For the plaintiff seven witnesses testified that there were a number of holes in this street. J. W. Horton, who lived on Sixty-First street, Joe Sanders, who lived fifty yards from Sixty-First street, and C. A. Hudgins, who lived on Sixty-First street, all testified that there were a number of holes in the street. Jesse Haskins, who lived in this block, said there were holes up and down that road, large and small. Mrs. Robert Jackson said there were many holes in the road. J. M. Marlin, who lived in the neighborhood, said the street was full of holes. Mrs.

Cordelia Sanders, daughter of Mrs. Jackson, and S. G. Tarkington, who was familiar with the street, said there were a great many holes in that road.

The trial judge in his opinion, handed down when the motion for a directed verdict was sustained, said:

"The pictures taken by both litigants do not show any actionable defect and when considered in connection with the evidence do not show it."

It was for the jury to determine the weight to be given to the pictures taken in connection with the other evidence.

Photographs duly verified are admissible as aids to the jury in understanding the evidence or the situation or condition of objects or premises material and relevant to the issues. Higgs v. Minneapolis, St. P. & S. Ste. M. R. Co., 16 N. D., 446, 114 N. W., 722, 15 L. R. A. (N. S.), 1162, 15 Ann. Cas., 97; Kansas City Southern R. Co. v. Morris, 80 Ark., 528, 98 S. W., 363, 10 Ann. Cas., 618; Davidson v. St. Louis & S. F. R. Co., 164 Mo. App., 701, 148 S. W., 406; 51 L. R. A. (N. S.), 843 note; Bruce v. Beall, 99 Tenn., 303, 41 S. W., 445.

"The law seems to be settled that photographs duly verified are admissible in evidence as aids to the jury in arriving at an understanding of the evidence or of the situation or condition or location of objects or premises material or relevant to the issues; but they have not been held, as claimed by appellant, to be unimpeachable evidence, or as standing on the same basis as physical facts. The general rule is that photographs stand on the same footing as diagrams, maps or models and rest to some extent on the credit of the witnesses—in the same way as a map, plat, or plan. In careless or inexpert hands, photographs are capable of very serious misrepresentation of the original, and their value depends upon their accuracy. They must be shown by extrinsic evidence to be faithful representations of the place or subject as it existed at the time involved in the controversy. In no case has it been held that they are entitled to the same consideration as evidence as conceded physical facts; but the principle is established that they go to the jury for their consideration, and that the weight to be given them is to be determined under the same tests as are applied to other evidence. Fuller v. Robinson, 230 Mo. 22, 130 S. W., 343, Ann. Cas., 1912A, 938; Baustian v. Young, 152 Mo. loc. cit., 324, 53 S. W., 921, 922, 75 Am. St. Rep., 462; Wigmore on Evidence, 790; Elliott on Evidence, vol. 2, sec. 1263; Beardslee v. Columbia Twp., 188 Pa., 496, 41 A., 617, 68 Am. St. Rep., 883; Higgs v. Railroad, 16 N. D., 446, 114 N. W., 722, 15 L. R. A. (N. S.), 1162, 15 Ann. Cas., 97." Davidson v. St. Louis & S. F. R. Co., 164 Mo. App., 701, 148 S. W., 406, 409; 3 Jones on Evidence, 2580, sec. 1419.

"It is admitted in the light of cautionary judicial knowledge that its portrayal is not necessarily faithful and that it may have been so taken as to present the theory of one of the litigants rather than conditions as they actually existed. Hence a photograph is rarely, if ever, conclusive evidence upon a particular issue, and is usually treated as nothing more than a form of map or diagram received in illustration and explanation of oral testimony.'' 4 Jones on Evidence, 3213, sec. 1749; 325, sec. 1751.

■■ The superintendent of streets, sewers, and sidewalks for the city stated that he drove over this street often. J. M. Marlin and Mrs. Sanders said the hole was an old hole. One witness said holes had been in that street for more than a year. The street was worked by the city in May preceding; hence the city had constructive notice. If the condition existed long enough to raise a presumption of notice to the corporation, it is liable as if it had actual notice.

"The rule of implied notice, or presumption of notice or knowledge, applies where there is evidence of the existence of the nuisance, or dangerous defect, so long that, even though it was not seen, it should have been seen and remedied. 13 R. C. L., 340; 43 C. J., 1046, and cases cited; Poole v. Jackson [93 Tenn., 62, 23 S. W., 57], supra; Hudkins v. Martin, 7 Higgins, 547.'' City of Nashville v. Nevin, 12 Tenn. App., 336.

■■ Knowledge of a defect does not always bar a right of recovery. If a person knows that a walk or street is defective, he may use it, unless his act in doing so is not reasonably prudent. He is not obliged to use it at his peril, but he is obliged to exercise reasonable care. City of Knoxville v. Cox, 103 Tenn., 368, 53 S. W., 734. A traveler may have his attention momentarily diverted from the defects in the highway, even if known to him, and yet be in the exercise of due care. White on Negligence of Municipal Corporations, sec. 575; 7 Am. & Eng. Ency. of Law (2 Ed.), 392; Mayor & Aldermen v Cain, 128 Tenn., 255, 159 S. W., 1084, Ann. Cas. 1915B, 762. Hence the question is one for the jury. Studer v. Plumlee, 130 Tenn., 519, 172 S. W., 305.

■ There was evidence to carry the case to the jury on the defendant's negligence and on plaintiff's contributory negligence. City of Nashville v. Fox, 6 Tenn. App., 660; Lovier v. City of Nashville, 1 Tenn. App., 401; Elrod v. Town of Franklin, 140 Tenn., 228, 204 S. W., 298.

"To be actionable the obstruction must be dangerous, and the danger must be such as a reasonably prudent person would have anticipated as a natural and probable result. . . . To establish negligence it must be shown that the injury sustained is one that would probably flow from allowing that obstruction as it existed.'' 7 Mc-

420

Quillin on Municipal Corporations, 125, 128, sec. 2956, and p. 151, sec. 2969; 43 C. J., 1009, 1010, 1014.

For a violation of its duty in failing to repair, or in neglecting or permitting obstructions, or in maintaining, or permitting dangerous places in streets or sidewalks, the city is liable. Fleming v. City of Memphis, 126 Tenn., 331, 148 S. W., 1057, 42 L. R. A. (N. S.), 493, Ann. Cas. 1913D, 1306; Park City v. Owens, 7 Higgins (7 Tenn. Civ. App.), 359; Elrod v. Town of Franklin, supra; City of Clarksville v. Deason, 9 Tenn. App., 274, 278, 279.

The exclusion of a hospital record is not a ground for peremptory instruction.

We are of the opinion the motion for a directed verdict should have been overruled and the case submitted to the jury. The judgment of the circuit court is reversed, and the cause remanded to that court for a new trial and submission of the issues to a jury. The costs of the appeal are adjudged against the defendants. The costs in the circuit court will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.