**249 P.2d 765**

### WILLIAMS v. CITY OF HOBBS.

#### No. 5503.

Supreme Court of New Mexico.
Oct. 28, 1952.

Easley & Quinn, Hobbs, for appellant.

Donald D. Hallam, Hobbs, for appellee.

McGHEE, Justice.

The plaintiff appeals from dismissal of her action for damages for personal injuries on motion for an instructed verdict in favor of the defendant on the ground of contributory negligence.

On July 18, 1950, the plaintiff was walking along South Selman Street in the City of Hobbs at approximately 9:30 in the evening when she fell and incurred the injuries for which she seeks recovery. For some distance along Selman Street there ran a covered concrete sewer, some two feet wide and two feet deep. The sewer was covered with a cement slab and its location and appearance was such that, when covered, it looked like a sidewalk and had been used as such since its construction in 1942 by the Works Progress Administration in co-operation with the City of Hobbs. However, work on the sewer was halted before completion and the covering of the sewer extended only to within 45 feet of the end of the block on Selman Street. It was the custom of people using the walk to step onto a beaten path to the left of the walk at a point some two or three feet from the end of the cement cover. There was no barrier or warning sign at the point of the drop-off.

On the night in question the plaintiff was returning from church services to her home, accompanied by a friend who was walking to the side and slightly behind her on the above described walk. As the plaintiff neared the end of the walk a car suddenly turned into Selman Street and its lights swept across her face, momentarily frightening and blinding her. She took one step, or possibly two, when she fell into the uncovered sewer.

The plaintiff lived about two blocks from the place where she fell, and had traversed the sidewalk frequently over a period of years. Admittedly, she was familiar with the dangerous condition. The sidewalk in question was the only one in the neighborhood. The streets in the area were not paved. There was no light on Selman Street and a recent rain had left it muddy, with water collected in puddles in depressions in its surface. There is nothing in the record to indicate nearby streets were not in the same condition. The plaintiff testified that although she thought about the danger when she used the walk, she was blinded and her attention was momentarily distracted by the car lights, that she was frightened and did not see the drop-off.

At the close of testimony for both sides the court granted the motion of the defendant for an instructed verdict on the ground of contributory negligence, and the plaintiff appeals, contending the issue of contribu-

tory negligence should have been submitted to the jury.

The questions raised by this appeal are whether the plaintiff was contributorily negligent as a matter of law in entering upon an area of known danger, or in choosing the dangerous route rather than a safer one, or in failing to use care commensurate with the danger.

The fundamental inquiry in cases involving alleged contributory negligence is whether the conduct of the plaintiff falls below that of a reasonably prudent man in the protection of himself and is a contributing cause of his injury. See 2 Restatement of Torts, Sec. 463, and 9 Words and Phrases, Contributory Negligence, p. 379, et seq.

In Olguin v. Thygesen, 1943, 47 N.M. 377, at page 386, 143 P.2d 585, at page 591, we said:

"The burden of showing contributory negligence is upon the defendant, and 'when a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury' is the rule almost universally applied, and the one which we approved and applied in Padilla v. Atchison, T. & S. F. R. Co., 16 N.M. 576, 597, 120 P. 724, 729. See, also, Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540, and Russell v. Davis, 38 N.M. 533, 37 P.2d 536."

Bearing in mind these salient principles, we must determine whether the conduct of the plaintiff in using the sidewalk in question or in the manner in which she walked along it presents an example of contributory negligence as a matter of law.

In treating the contention the plaintiff was contributorily negligent as a matter of law in entering a place of known danger and in choosing to walk along the sidewalk rather than in the adjacent street or other nearby streets, our inquiry is not whether she actually chose the least safe of the ways available to her, but whether she failed to exercise that degree of care required of a reasonably prudent person under the circumstances. 65 C.J.S. (Negligence) Sec. 122; 38 Am.Jur. (Negligence) Sec. 193; Anno.: 13 A.L.R. 73, at pp. 90–92; Larson v. Tri-City Electric Service Co., 7 Cir., 1943, 132 F.2d 693; Warlich v. Miller, D.C.W.D.Pa.1947, 73 F.Supp. 593; Walker County v. Davis, 1930, 221 Ala. 195, 128 So. 144; Kendall v. City of Albia, 1887, 73 Iowa 241, 34 N.W. 833; Williams v. City of New York, 1915, 214 N.Y. 259, 108 N.E. 448; Graham v. Borough of Reynoldsville, 1938, 132 Pa.Super. 296, 200 A. 681; Schaut v. Borough of St. Marys, 1940, 141 Pa.Super. 388, 14 A.2d 583.

As stated in De Wall v. City of Sioux City, 1917, 181 Iowa 333, 164 N.W. 640, 641, "The rule is that if a pedestrian knows a walk is defective, but believes, as an ordinarily prudent person has the right to believe, that he can cross that same in safety, then he is not required to pursue another route, although there may be one open to him."

We have heretofore recognized this principle in the case of Alarid v. Gordon, 1931, 35 N.M. 502, 2 P.2d 117, 118, where the plaintiff fell into an unlighted sewer excavation along the street. There, after selecting the way, the plaintiff discovered the dangerous condition of the street, but there were warning lights at certain of the unbarricaded excavations, and she continued along the street and fell into the one unlighted excavation. To the contention of appellants there that the trial court should have found the plaintiff guilty of contributory negligence as a matter of law, we said:

"* * * We think the trial court was within the evidence in refusing to find that appellee was fully aware of the danger. She did know that a sewer was being constructed in the street. But, from her home, she had daily observed pedestrians passing along it. It was not shown that she had knowledge of the existence of the laterals. She must have discovered them soon after turning upon the street. But she had already made her choice of route. To have turned back would have been unnatural. She also discovered, as she no doubt supposed, that each of these laterals was marked with a red light. Whether an ordinarily prudent person would have anticipated that, of a large number of laterals, all except one would be lighted, was, of course, a question for the trier of the facts. Johnson v. City of Santa Fe, 35 N.M. 77, 290 P. 793."

For further illustrations of this doctrine, see also Gates v. City of Des Moines, 1949, 240 Iowa 775, 38 N.W.2d 96; Beach v. City of Des Moines, 1947, 238 Iowa 312, 26 N.W.2d 81; Krieger v. Louisville Water Co., 1938, 272 Ky. 746, 115 S.W.2d 286; and Jackson v. City of Nashville, 1932, 17 Tenn.App. 413, 68 S.W.2d 137.

In the present case we cannot say as a matter of law that the plaintiff was guilty of contributory negligence in choosing to walk upon the sidewalk, even though she was well aware of its dangerous condition. It was the only sidewalk in the neighborhood; the street it paralleled was unlighted; neither that street nor the nearby streets were paved and a recent rain had left them muddy and wet; the plaintiff had used the walk in safety many times before, as had other persons. Under these circumstances minds might reasonably differ as to whether the plaintiff was contributor-

ily negligent in the choice she made, and the question is, therefore, one for the jury.

The remaining question on this appeal is whether the failure of the plaintiff to discover the known defect in time to prevent her injuries is contributory negligence as a matter of law.

The plaintiff testified the night was dark; her companion was walking slightly behind her and they were conversing; as she neared the drop-off a car suddenly turned into Selman Street, momentarily blinding and frightening her; she could not see the drop-off and was not thinking of it at the moment, although she knew it was dangerous and was conscious of the danger when she walked there; while so blinded and frightened she took one step, or possibly two, and fell into the uncovered sewer.

■ Although there is not complete unanimity of authority, the better rule, and the one we approve, is that mere forgetfulness or inattention, which might be said to be self-induced, is not alone a sufficient excuse for failure to discover a known defect. City of Birmingham v. Monette, 1941, 241 Ala. 109, 1 So.2d 1, 133 A.L.R. 1020; Racine Tire Co. v. Grady, 1921, 205 Ala. 428, 88 So. 337; City of Birmingham v. Edwards, 1918, 201 Ala. 251, 77 So. 841; Call v City of Burley, 1936, 57 Idaho 58, 62 P.2d 101; Seiser v. Incorporated Town of Redfield, 1930, 211 Iowa 1035, 232 N.W. 129; Davis v. City of Dubuque, 1930, 209 Iowa 1324, 230 N.W. 421; Hill v. City of Richmond, 1949, 189 Va. 576, 53 S.E.2d 810. As stated in Call v. City of Burley, supra, (syllabi):

"Contributory negligence in failing to see obvious danger cannot be excused because of diverted attention, unless diverted attention comes from outside source and does not originate within the mind and will of one whose attention is diverted."

■ While the question is not free from difficulty, viewing the testimony in the light most favorable to the plaintiff, as we must, we believe a jury might well determine that the attention of the plaintiff was diverted by the sudden turning of the car into Selman Street and by its headlights, and that her failure to discover and avoid the drop-off by reason of her diverted attention is not incompatible with the conduct of a reasonably prudent person under the circumstances. See: Anno.: 13 A.L.R. 73, at pp. 87, 88; 70 A.L.R. 1358, at pp. 1389–1391; Houston v. Town of Waverly, 1932, 225 Ala. 98, 142 So. 80; Rosella v. Paxinos, 1930, 110 Cal.App. 299, 294 P. 39; Call v. City of Burley, supra; City of Louisville v. Verst, 1948, 308 Ky. 46, 213 S.W.2d 517; Krieger v. Louisville Water Co., supra; Jackson v. City of Nashville, supra; Ballengee v. Bluefield Telephone Co., 1927, 104 W.Va. 378, 140 S. E. 333; 63 C.J.S., Municipal Corporations, §§ 850c, 851, pp. 201, 204.

· The issue of contributory negligence should have been submitted to the jury and for the trial court's failure to so submit it, the case is reversed and remanded for a new trial. The plaintiff is allowed the costs of her appeal.

It is so ordered.

SADLER, COMPTON and COORS, JJ., concur.

LUJAN, C. J., not participating.