## Hoffman's Administrator v. Hoffman.

(Decided March 23, 1928.)

### Appeal from Campbell Circuit Court.

1. Wills.—In proceeding to probate a paper as a lost will, evidence held sufficient to warrant conclusion that deceased had destroyed will theretofore made in accordance with paper attempted to be probated.

2. Wills.—Verdict of jury in proceeding to establish paper as a lost will will not be disturbed, unless palpably against evidence, since, under Ky. Stats., sec. 4850, verdict of jury in a will case is given the same effect as verdict of jury in other civil cases.

JAMES B. MILLIKEN for appellant.

HUBBARD SCHWARTZ for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Albert Hoffman lived in Campbell county on a small farm. One night he was there alone; the house took fire and burned down, everything in it being burned up, and he was so badly burned that he died from the effects of the fire. He left surviving him a widow, Sallie Hoffman, and two sons, Shaler and Ben. After his death an administrator was appointed for his estate. Later a paper was probated in the county court as a lost will and an appeal was taken from this order to the circuit court and there the jury returned a verdict that the paper was not his will. The propounders appeal.

Albert Hoffman and his wife were married 40 years ago. About 15 years ago he went to the county clerk and had him write him a will, which was witnessed by two persons, both of whom have since died. The county clerk did not remember the terms of the will, but the propounders proved by several persons that the testator declared that he had willed everything to his wife, as the

two boys were able to take care of themselves. The wife testified that he brought her a sealed envelope telling her to put it away; that it was his will in which he left her everything that he had, and that she put it in the bottom drawer of the dresser in a book that she kept, and that it remained there from this time on. She proved like declarations by her husband to a number of other persons, made not long before the house burned. On the other hand, the defendants proved a number of declarations by the testator tending to show that he had destroyed the will or lost it. Some 4 years before his death bad feelings arose between husband and wife. She left his home and lived with her son Shaler in Norwood, Ohio. She then returned to her husband and they lived together about 2 years on the farm, but in September, 1924, she left him again, and, as shown by her testimony and the testimony of others, with no intention to return. He lived on the farm alone from this time on until November 28, 1926, when the fire occurred. Ben Hoffman had married and had deserted his wife, Myrtle, leaving her with an infant child. She got a judgment against him for alimony and for maintenance of the child and levied on his interest in the farm and after this the alleged lost will was presented for probate in the county court.

In view of the clearly established state of feelings between the husband and wife, which had existed since September, 1924, and the fact that they had been living apart with no intention on her part to return, the jury was warranted in concluding under all the evidence that the husband had destroyed the will made 15 years before. Under section 4850, Kentucky Statutes, the verdict of a jury in a will case is given the same effect as the verdict of a jury in other civil cases. In other civil case the verdict of the jury will not be disturbed, unless it is palpably against the evidence. The verdict of the jury here is not palpably against the evidence, and no other ground for reversal is urged by appellants. The case turned on the credibility of the witnesses and this was a question for the jury. The question as to the competency of the testimony of the wife admitted on the trial is not considered by the court.

Judgment affirmed.