BAILEY v. ALLOWAY BROS. CO.—192 S. W. (2d) 849.

Middle Section.   October 27, 1945.

Petition for Certiorari denied by Supreme Court, March 2, 1946.

(1)

Vaulx Crockett and Rutherford & Rutherford, all of Nashville, for plaintiff in error.

Roberts & Roberts and Hume, Howard, Davis & Gale, both of Nashville, for defendant in error.

HOWELL, J. This is a suit for damages growing out of an accident in which the plaintiff received her injuries by being struck by an automobile driven by a stranger who had no connection of any kind with the defendant and the declaration alleges that the defendant had blocked and obstructed the sidewalk on the east side of Second Avenue South in Nashville on which the plaintiff wished to proceed southwardly, in a negligent unlawful and wilful manner by placing boxes and crates on the sidewalk so as to obstruct passage thereon and had furthermore

backed its truck against and over his sidewalk and further obstructed it so that it became necessary for the plaintiff to step into the street in order to pass beyond the obsructions. It further alleged that while thus walking into the street and before she had passed the front of the truck she was struck and injured by a car coming from the south going north on Second Avenue South, her vision being blocked by the unlawful and negligent parking of the defendant's truck. It was further alleged that the truck of the defendant was parked in violation of certain city ordinances and that this violation of these ordinances was the customary and deliberate act of the defendant wilfully and lawfully committed. The declaration further alleged that by continuously and habitually obstructing the sidewalk with foul and ill-smelling crates and boxes used in its poultry business and unlawfully parking its truck at right angles to the curb and interfering with traffic on the street and menacing the safety of members of the general public lawfully proceeding upon said street and sidewalk the defendant's conduct constituted a public nuisance.

The defendant pleaded not guilty.

At the conclusion of the plaintiff's proof the defendant moved the Court to instruct the jury to return a verdict in favor of the defendant which motion was granted and the suit dismissed at the cost of the plaintiff.

The plaintiff by proper procedure has perfected an appeal in error to this Court and has assigned the action of the Court in sustaining defendant's motion as error.

The only question therefore for determination is whether or not under the evidence offered by the plaintiff the case should have gone to the jury.

■■ The law is well settled. In the recent case of

Osborn v. City of Nashville (Tenn. Sup.), 185 S. W. (2d) 510, on page 513 the Supreme Court said:

"It is elementary that when there is material evidence that either of the parties has acted with a lack of care and the lack of care is causally connected with the injury, a jury question is created:

" 'The question of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusions as to whether, under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his recovery.' Carey Roofing & Mfg. Co. v. Black, 129 Tenn. 30, 36, 37, 164 S. W. 1183, 1185 [51 L. R. A., N. S., 340].

" 'The question of the defendant's liability lawfully can be withdrawn from the jury and determined by the court as a question of law, when and only when the facts are undisputable, being stipulated, found by the court or jury, or established by evidence that is free from conflict, and when the inference from the facts is so certain that all reasonable men, in the exercise of a fair and impartial judgment, must agree upon it.' 20 R. C. L. 169, 170, 171, sec. 141; Lovier v. City of Nashville, 1 Tenn. App. 401; Park City v. Owens, 7 Tenn. Civ. App. 359; Jackson v. City of Nashville, 17 Tenn. App. 413, 417, 68 S. W. (2d) 137.''

The uncontradicted proof shows that the plaintiff went to the Quality Feed Store and ordered some chicken feed and when she left this store, which was next door north from the store of the defendant, she walked south or a short distance on the sidewalk and noticing boxes and crates on the sidewalk and the defendant's truck backed up to the sidewalk with its front end facing in a northwestern direction and its back end with the doors open extending two or three feet over the sidewalk, she stepped into the street some distance north of the parked truck and was struck by an automobile driven by a non-resident stranger and was injured. The plaintiff had been at this same place a number of times before and it was on the east side of Second Avenue South about the middle of the block between McGavock and Demonbreun Streets.

The accident happened in a wholesale and retail district, on a congested street where trucks and other vehicles are constantly, during business hours, being loaded and unloaded and where the street and the sidewalks are frequently blocked for various intervals of time while this loading and unloading is in progress. The plaintiff knew this fact, had been at or near the place of the accident a number of times before and testified that the defendant's truck was being loaded or unloaded when she approached it just before the accident. She made no effort to pass on the sidewalk but before she reached the rear end of the truck stepped out into the street in the middle of the block.

The plaintiff had been to a feed store next door north of the defendant's place of business and testified that when she left this store she intended to go to her home in South Nashville and that she had to cross the street somewhere before she could catch a bus. She knew that

the space in front of the defendant's place of business was a loading space and saw that they were either loading or unloading a truck and says she saw that she "couldn't get by without tearing my clothes on something". She was on the sidewalk when she looked up and down Second Avenue for cars and then walked into the street along the side of the truck and says that the car struck her before she passed the end of the truck. The car which struck the plaintiff was proceeding from the south, going north and she says she did not have time to see it, that "you can't look both ways at the same time."

The evidence discloses that the space in front of defendant's place of business is a "loading zone" and had been designated as such by the proper city authorities under a city ordinance.

The city ordinances relied on by the plaintiff are those which prohibit parking cars at angles to the curb except as provided for, parking any vehicle upon a street except temporarily for loading or unloading, obstructing streets or sidewalks so as to interfere with the use thereof by the public and creating nuisances by placing on any street or sidewalk any substance which may create a nuisance or beome offensive or injuriously affect the comfort or safety of persons using such street or sidewalk.

Other ordinances involved are those prescribing the rights and duties of pedestrians at controlled intersections and in crossing streets at designated places such as marked crosswalks and intersections and prohibiting pedestrians from crossing a street at any point other than a marked crosswalk or an intersection, providing for "loading zones" and marking same and the use thereof.

The record discloses that the defendant had been issued a permit for a loading zone covering the entire 51 feet in front of its store.

■■ There is no evidence in the record from which it could be found that the defendant was unlawfully or negligently using its loading zone or space or creating and maintaining a nuisance in front of its place of business nor do we find any evidence of any negligence on the part of this defendant. In order for the plaintiff to maintain her suit it must appear that the defendant was guilty of some negligence that was the proximate cause of the accident.

The question of any contributory negligence on the part of the plaintiff in walking into the street would have been one for the jury under the facts of this case should it have appeared that the defendant was guilty of any negligence.

It results therefore that we find no error in the action of the trial judge in granting the motion of the defendant and the assignments of error are overruled, the judgment of the Circuit Court is affirmed and the suit dismissed.

The plaintiff in error will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.