LLOYD GEORGE SPAIN, next of kin of DAVID WAYNE SPAIN, Deceased v. J. D. LIVINGSTON and SMITH-HIGGINS COMPANY, INC. —440 S.W.2d 805.

Eastern Section. November 15, 1968.

Certiorari Denied by Supreme Court April 7, 1969.

Bernard Cantor, Warren Hogston, Johnson City, for plaintiffs in error, Lloyd George Spain and David Wayne Spain.

Thomas E. Mitchell, Johnson City, for defendant in error, J. D. Livingston.

Wilson, Worley, Gamble & Dodson, Kingsport, for defendent in error, Smith-Higgins Co., Inc.

COOPER, J. Lloyd George Spain, as next of kin, brought suit against J. D. Livingston and the Smith-Higgins Company, Livingston's employer, to recover damages for the death of David Wayne Spain, who was struck by an automobile driven by Livingston. At the time Spain was struck, he and a friend were pushing a disabled motorcycle in an easterly direction and were on the extreme right-hand edge of the paved portion of the Jonesboro-Johnson City Highway. The trial judge directed a verdict for the defendants on the ground the deceased, by walking on the right-hand side of the pavement, violated T.C.A. 59-838(b), the pedestrian statute, and thus "was guilty of negligence as a matter of law which would preclude any recovery * * * in this case." The plaintiff has appealed contending that the case should have been submitted to the jury.

In the instant case, the only living witness to the accident was the defendant, though other witnesses testified as to physical evidence, or lack thereof, and to statements of the defendant.

The accident occurred at about 7:45 P.M. on February 16, 1967, at a point on U.S. Highway 11E approximately 200 feet west of the McKinley Road intersection. In that area, Highway 11E is straight for a distance of some 3000 feet. Each lane being 12 feet in width and has four lanes for travel. The two lanes for eastbound traffic are separated from the westbound traffic lanes by an elevated grassy strip of land approximately 16 feet in width. The shoulders of the road are gravelled and are six feet in width. Cross-overs through the center strips are provided at irregular intervals. One such cross-over is

located approximately 150 feet west of the point where the accident occurred. The highway is lighted by street lamps on poles set at the side of the highway, and there is evidence that these lamps were a distinct aid to visibility on the night the accident occurred. The posted speed limit at the scene of the accident was 45 miles per hour.

The discovery deposition of the defendant Livingston was read in evidence. According to Mr. Livingston, his last business call for his employer was in Jonesboro, and that after taking an order for drugs, he drove toward Johnson City on Highway 11E; that he approached the accident scene in the outside traffic lane at a speed of approximately 45 miles per hour; his automobile lights were burning on "dim" and visibility was good. Traffic, both east and westbound, was light. Mr. Livingston testified that as he neared the accident scene, he was blinded by the lights of an "oncoming " automobile for "seven or eight or ten seconds" and could see nothing in front of him; that he did not reduce the speed of his automobile during this time but continued to drive as before; and he felt something strike his automobile and the lights went out immediately; that he was able to stop his automobile in two or three car lengths, he saw shoes next to or a little in front of his automobile and, on looking to the rear saw David Spain lying on the shoulder of the road some five feet in front of the motorcycle, which was also on the shoulder of the road.

(Testimony of several witnesses and pictures made at the scene show that Wayne Spain was wearing trousers of an "off-white" color and a bright orange jacket.)

Mr. Livingston testified that he then drove his automobile across the highway, left it on the parking lot of the LLE Market, and ran back across the highway to

"flag down" a motorist going toward Johnson City in order to have the driver 'phone for help. There was evidence that in the time defendant was absent from the scene, other motorists had come upon the accident and had left to 'phone for an ambulance.

The motorist who was "flagged down" by Livingston testified that Mr. Livingston stated at that time, he had hit a motorcycle and he believed he had killed two people. (There is evidence that, at the time, the body of Spain's companion was not in sight and had not been found.)

The police officer who investigated the accident testified he found no indication on the highway that the defendant ever applied his brakes, either before striking the boys or after the impact; that Spain's companion, Frank Shuler, was found off the road and down an embankment some 60 feet east of the point where Wayne Spain was found. The officer also testified that the motorcycle was not damaged.

There was no direct evidence that the boys were on the roadway pushing a disabled motorcycle at the time they were struck; however, such fact was plead and the plaintiff is bound by his pleadings. See Woods v. Meacham, 46 Tenn.App. 711 at page 749, 333 S.W.2d 567, 584.

The defendants do not seriously contend in their brief or in argument that the defendant Livingston was not negligent or that Livingston was not on business for his employer at the time the accident occurred, but do insist that David Spain was guilty of proximate contributory negligence as a matter of law in walking on the right-hand edge of the paved portion of the highway.

A pedestrian is defined in the Rules of the Road adopted by our Legislature as being "any person afoot."

T.C.A. 59-801. Under this broad definition, as pointed out by the annotation in 30 A.L.R.2d 866 at page 867, "there appears to be little question that any person afoot on the highway, regardless of his purpose in being there, is a 'pedestrian' within the comprehension of the act."

T.C.A. 59-838(b) provides that "where sidewalks are not provided any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction."

■ Unquestionably, in the light of the pleadings in this case and the statutory definition of a pedestrian, the deceased David Spain violated T.C.A. 59-838(b) in helping push the disabled motorcycle along the right-hand edge of the paved portion of the highway. This was negligence *per se* and would prevent recovery of damages by the plaintiff *provided* such negligence on the part of David Spain was the proximate cause or a proximate contributing cause of the accident.

As pointed out by the late and beloved Mr. Chief Justice Neil in Standridge v. Godsey, 189 Tenn. 522, 532, 226 S.W.2d 277 at page 281,

"If we should concede that the deceased was violating the law of the road [by walking on the right-hand side of the roadway], which is negligence per se, there remains the question of whether or not his fault was the proximate cause of the accident. By the weight of authority the contributory negligence of the plaintiff in violating the law of the road, or municipal ordinances regulating traffic, is not a complete defense unless it contributes to the accident as the proximate cause. * * *"

" 'An act of the plaintiff, although unlawful, does not place him outside the protection of the law as to an injury sustained by him through the negligence of another, unless the unlawful act has some causal connection with the injury. Accordingly, no exception to the rule that contributory negligence must contribute proximately to the injury sustained by the plaintiff in order to constitute a defense in his action for negligence is made for the fact that the plaintiff's negligence consists in the violation of a statute or ordinance. Clearly, where the defendant was guilty of violating a statute or ordinance at the time * * * he negligently injured the plaintiff who was then committing the same violation, there is no cause for the defendant to escape liability if the plaintiff's negligence was not a contributing cause of the injury * * * If the injured person's violation of an ordinance did not directly contribute to the injury, his unlawful conduct is not a defense to his action, even if he would not have been injured if he had not violated the ordinance. The distinction is between that which directly and proximately produces or helps to produce a result as an efficient cause and that which is merely a necessary condition or attendant circumstance of it.' " 38 Am.Jur., 899, Negligence Section 214 quoted with approval in Adams v. Brown, 37 Tenn.App. 258, 262 S.W.2d 79.

■ Negligence, contributory negligence and proximate cause are ordinarily issues to be decided by the jury, and can be withdrawn from the jury and decided by the trial judge only in those cases where the facts are established by evidence free from conflict, and the inference from the facts is so certain that all reasonable men, in the exercise of a free and impartial judgment,

must agree upon it. Osborn et al. v. City of Nashville et al., 182 Tenn. 197, 185 S.W.2d 510; Bailey v. Alloway Bros. Co., 29 Tenn.App. 1, 192 S.W.2d 849.

■ We think reasonable men could differ as to whether the conduct of David Spain, in walking on the right-hand edge of the pavement of a four lane highway, when traffic was light, the road was straight, visibility was good and aided by street lamps, and where an approaching automobile had at least 22 feet of unobstructed space in which to pass without incident, was such negligence as constituted a direct and efficient contributing cause of the accident, or contributed to the accident only as a remote cause, with the sole proximate cause being the conduct of the defendant Livingston in driving at a speed of at least 45 miles per hour for the 7 to 10 seconds he admittedly was unable to see traffic or pedestrians on the highway and/or, if not blinded, in failing to see David Wayne in sufficient time to avoid striking him. Consequently, we are of the opinion the trial judge was in error in taking the case from the jury and in directing a verdict for the defendants.

We have reviewed the several cases cited by defendants in support of their contention that the negligence of Spain was, as a matter of law, a proximate cause of the accident. It is elementary that each case must be determined on the facts and circumstances of the particular case; and we found that the facts and circumstances in the cases relied on by the defendants were markedly different from those present here.

The judgment of the trial court is reversed and the cause is remanded for a new trial. Costs incident to the appeal are adjudged against the defendants.

McAmis, P. J., and Parrott, J., concur.