Mrs. Frances D. FRADY, Individually and as next friend and natural guardian of Jeffrey L. Parton, Petitioner,

v.

Guy H. SMITH and Virginia B. Smith, Respondents.

Supreme Court of Tennessee.

Dec. 16, 1974.

Rehearing Denied Feb. 17, 1975.

L. Anderson Galyon, III, Lewis S. Howard, Kennerly, Montgomery, Howard & Finley, Knoxville, for petitioner.

John K. King, Morton, Lewis, King & Jones, Knoxville, for respondents.

## OPINION

COOPER, Justice.

This is a tort action arising out of an automobile-pedestrian accident which occurred on November 8, 1971, in the driveway on the campus of Northwest Junior High School in Knox County, Tennessee. Jeffrey L. Parton, then thirteen (13) years of age, was running from the school building across the driveway to a nearby school parking lot when he was struck by the automobile driven by respondent, Virginia B. Smith. The automobile involved in the accident was owned by respondent, Guy H. Smith and was the family automobile.

The petitioner Frances D. Frady, mother of Jeffrey filed an action against both Smiths to recover damages for personal injuries sustained by Jeffrey. Mrs. Frady also sought to recover expenses incurred by her in providing necessary medical treatment for her son and to recover damages for the loss of his services. The respondents denied the charges of negligence leveled at Mrs. Smith, and also plead contributory negligence, remote negligence, and sudden emergency doctrine.

On trial, the jury returned a verdict of $2,000.00 for Jeffrey Parton, and $5,000.00 for his mother. Judgment was entered accordingly. The Court of Appeals reversed the judgment, sustained respondents' motion for a directed verdict, and dismissed the action. In doing so, the court stated:

"Under the record reasonable minds could not differ on the issue of the plaintiff's capacity to appreciate the danger involved; the plaintiff had the capacity to be guilty of contributory negligence.

"We conclude, under the record, that reasonable minds could not differ on the fact the plaintiff breached every duty imposed upon him to protect himself from injury, and he could have avoided the injury had he exercised ordinary care under the circumstances. This positive breach of duty and this failure to exercise ordinary care did proximately contribute to his injuries, and as a matter of law he cannot recover."

This court granted the petition for certiorari filed by Mrs. Frady to review the action of the Court of Appeals.

■ Negligence, contributory negligence, and proximate cause are ordinarily issues to be decided by the jury, and can be withdrawn from the jury and decided by the court only in those cases where the facts are established by evidence free from conflict, and the inference from the facts is so certain that all reasonable men, in the exercise of a free and impartial judgment, must agree upon it. Spain v. Livingston, 59 Tenn.App. 346, 440 S.W.2d 805 (1968).

The opinion of the Court of Appeals contains a succinct and substantially accurate statement of facts in this case, from which we draw liberally as follows:

"The facts reveal the defendant Smith arrived on the school grounds just as school was letting out for the day. Mrs. Smith heard the school bell ringing, and she stated she knew children would be leaving the building instantly. This defendant testified she was driving along the school driveway in an area at the back of the school building at a speed of ten to fifteen miles per hour. There was an almost solid line of several automobiles parked on her right side of the drive, which is the side of the drive nearest the school building. As she was thus driving and maintaining a lookout ahead, she suddenly saw a boy in front of her automobile and at that instant her vehicle struck the boy. This defendant stated that she did not see the boy Jeffrey Parton until the instant her vehicle hit him. The defendant immediate-ly applied brakes. She stated her car stopped within less than a car length after the impact, and she did not leave skid marks on the driveway. There was no speed limit posted on the school driveway, and there were no marked pedestrian walk or traffic controls of any type. The driveway is sixteen feet wide.

"The plaintiff Jeffery Parton stated he was in a hurry to get to a pick-up truck in a parking lot at the rear of the school building. He ran down the hall of the school building at a fast rate, out a door and straight on along a walk which lies along a side of the school building. The side of the school building was to the left of Jeffrey as he ran along the walk, and that building blocked his vision to his left until he cleared the corner of the building at a point where the walk upon which he was running intersected at right angles a sidewalk along the driveway. [As a matter of fact, the building does not extend to the sidewalk intersection but terminates eight to ten feet from the sidewalk, giving the parties a better opportunity to see each other than would be the case if the building extended to the sidewalk.] Jeffrey ran on across the sidewalk and between automobiles parked on the driveway and out into the driveway. At no time did he stop, but he [testified] he looked to his left and said he had [an unblocked] vision of forty feet but saw nothing in the form of moving traffic. Jeffrey state he was within four feet of the other side of the driveway when the left front of the Smith vehicle hit him and hurled him some ten to fifteen feet onto a grass median between the driveway and the parking lot. Jeffrey stated he did not see the Smith car until 'right before it hit me.'"

Jeffrey testified he had been warned of the danger inherent in crossing streets and to look for traffic before entering the street; that he understood the warnings and knew the reason he should exercise care in crossing streets was for his own safety. Jeffrey also testified he had been on the school safety patrol during his sixth

grade at school and had assisted children in crossing streets near the school.

■■ The Court of Appeals was of the opinion the above facts made a jury issue on the question of negligence of Mrs. Smith. We agree. Mrs. Smith knew children would be leaving the school building; she knew her view to the right of the driveway was somewhat obstructed by the line of parked automobiles; she knew there were no traffic controls on the school driveway. Under these circumstances, it would be for the jury to say whether she was driving at an excessive rate of speed and whether she had her automobile under control. Further, it is a basic requirement of due care in the operation of an automobile that the driver keep a reasonably careful lookout for traffic, whether vehicular or pedestrian, "commensurate with the dangerous character of the vehicle and the nature of the locality" (Hale v. Rayburn, 37 Tenn.App. 413, 264 S.W.2d 230 (1953)), "and to see all that comes within the radius of his line of vision, both in front and to the side." Hadley v. Morris, 35 Tenn.App. 534, 249 S.W.2d 295, 298 (1951). It would be for the jury to say whether Mrs. Smith, in failing to see Jeffrey Parton before her automobile struck him, breached this basic requirement of due care.

■ We also are of the opinion, contra to that expressed by the Court of Appeals, that contributory negligence and proximate cause were issues for the jury under the above evidence. Jeffrey Parton was chargeable with the duty to protect himself from injury and was required to exercise "such care as a reasonably prudent person of like age, capacity, knowledge and experience might be expected ordinarily to exercise." Southern Railway Company v. Whaley, 170 Tenn. 668, 98 S.W.2d 1061. Conceding for the purpose of this opinion that Jeffrey Parton had the capacity to appreciate the danger attendant to running across the driveway as found by the Court of Appeals, we think reasonable men could disagree as to whether Jeffrey was negligent in running into the driveway when he saw no moving vehicular traffic within forty feet. But even more importantly, we think reasonable men could disagree on the issue of whether Jeffrey's actions, if negligent, constituted a direct and efficient contributing cause of the accident, or contributed to the accident only as the remote cause, with the sole proximate cause being the failure of Mrs. Smith to see Jeffrey and slow her automobile. The slightest slackening of speed of the Smith automobile during the time Jeffrey was running toward and across the driveway would have given Jeffrey time to take the additional step that would take him from danger to a place of safety.

The issues of negligence, contributory negligence, and proximate cause, being issues for the jury under the evidence, it follows that the Court of Appeals was in error in setting aside a judgment based on the jury's verdict and directing a verdict in favor of the defendants. Accordingly, the judgment of the Court of Appeals is reversed and the judgment of the trial court is reinstated. Costs are adjudged against respondents, Guy H. Smith and Virginia B. Smith.

FONES, C. J., and BROCK, HENRY and HARBISON, JJ., concur.

### OPINION ON PETITION TO REHEAR

COOPER, Justice.

Guy H. Smith and Virginia B. Smith, have filed a petition to rehear, which presents no issues or authority not considered by this court in the preparation of its opinion in this case. Under Rule 32 of this court, the petition to rehear is denied.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.