Troy BERRY, by Father and Next
Friend, Charles Berry,
Plaintiff-Appellant,

v.

William A. WHITWORTH, Sr., William Whitworth, Jr., Hayden McCary and Mrs. Hayden McCary, Defendants-Appellees.

Charles BERRY, Plaintiff-Appellant,

v.

William A. WHITWORTH, Sr., William Whitworth, Jr., Hayden McCary and Mrs. Hayden McCary, Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section.

June 1, 1978.

Certiorari Denied by Supreme Court
Sept. 18, 1978.

Petition to Reconsider Denied Oct.
30, 1978.

Lewis K. Garrison, Memphis, for plaintiffs-appellants.

James S. Wilder, III, Somerville, Buchignani & Greener, Memphis, for defendants-appellees.

SUMMERS, Judge.

These two cases were consolidated on appeal because they concern the same litigants and encompass the same set of facts.

Charles Berry, plaintiff-appellant, brought suit individually and as next friend of his minor son, Troy Berry, against William Whitworth, Sr., William Whitworth, Jr., Hayden McCary and Mrs. Hayden McCary, defendants-appellees. Plaintiff charged defendants with responsibility for the injuries, disfigurement, mental anguish and physical pain sustained by his son. He also sued for medical costs expended on behalf of his son and the loss of services of his son. The incident in which the injury occurred was an explosion of blasting caps.

The trial judge entered an order of nonsuit as to the defendants, Hayden McCary and Mrs. Hayden McCary, and they are not before this court.

A motion to dismiss and/or for a summary judgment in favor of the Whitworths was sustained by the trial judge, and this appeal resulted.

On March 22, 1976, Troy Berry and Steven McCary, both fourteen years of age, were riding a motorcycle owned by Steven in the town of Hickory Withe, Tennessee. After visiting the local recreation hall, they ventured to a locked metal or tin building which was located close by. The building had a padlock on the only door, but the boys found a hole in the floor in the back of the building. McCary stated that Berry entered the building through the hole; Berry testified that he merely reached his arm through the hole and felt around inside the building. In either event, Berry took some fuses and blasting caps from the building owned by Whitworth, Sr.

After acquiring these blasting caps and fuses illegally, they went to a pond close by and shot or exploded a number of the caps by inserting the fuse therein and igniting them. After leaving the area around the pond, they went to the barn on the McCary property and ignited 20 or 30 more caps. McCary's mother called him into the house for dinner, and Berry returned to his residence where he exploded one cap in a sandbox. After he ignited the second fuse, he realized that he had placed it too close to his house; when he tried to remove the cap, it exploded and damaged his left hand.

Rule 56 of the Tennessee Rules of Civil Procedure provides for the granting of a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This was designed to obviate the need for a full trial when there was no dispute regarding material facts.

Judge Nearn, writing for the Court of Appeals in *Stone v. Hinds*, 541 S.W.2d 598 (1976), said:

> In ruling on motions for summary judgment both the Trial Court and this Court must consider the matter in the same manner as a motion for a directed verdict made at the close of plaintiff's proof; i. e., we must view all affidavits in the light most favorable to the opponent of the

motion and draw all legitimate conclusions of fact therefrom in that favor. If after so doing a disputed issue of material fact is made out, the motion must be denied.

In the instant case the only disputed fact was whether Troy Berry, when he burglarized the tin shed, actually placed his entire body in the shed or merely reached his hand through an opening to take the blasting caps and fuses. In any event he took the items illegally that were exploded to his detriment, and in his deposition he made the following admission:

Q. State to the Court what you got out of that building?

A. I got a little box.

Q. A little box of what?

A. Silver things, about a inch and a half long, I didn't know what they were.

Q. Why did you get them?

A. I don't know.

Q. Did you have any right to get them?

A. No, sir.

Q. Did you steal them?

A. Yes, sir.

Q. Did you get anything other than the little box?

A. No, sir.

■ While it is true that negligence, contributory negligence and proximate cause are ordinarily issues to be decided by the jury, they can be withdrawn from the jury and decided by the court in those cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable men, in the exercise of a free and impartial judgment, must agree upon. *Frady v. Smith*, Tenn., 519 S.W.2d 584 (1974); *Spain v. Livingston*, 59 Tenn.App. 346, 440 S.W.2d 805 (1968). This court believes the case at bar falls within the above exclusion from a jury determination.

Plaintiff contended that defendant Whitworth Sr. was in violation of T.C.A. 53–2413 and 53–2536 and State Fire Marshall Regulation No. 17B, Volume 1 through X, 1971–1972 Edition, and had allowed the storage facilities to become run down. Plaintiff further alleged that the motion for summary judgment relied on the case of *Lawrence v. King*, 184 Tenn. 151, 197 S.W.2d 548, a 1946 Supreme Court case, which was handed down prior to the enactment of State Regulation 17B.

■ It is a well settled proposition of law that failure to perform a statutory duty is negligence per se, and if injury is the proximate result or consequence of this negligent act, there is liability. However, the person suing must be such a person as is within the protection of the law and intended to be benefited thereby. The case of *Alex v. Armstrong*, 215 Tenn. 276, 385 S.W.2d 110 (1964), defines the law on this point:

In order to found an action on the violation of a statute, or ordinance, * * * the person suing must be such a person as is within the protection of the law and intended to be benefited thereby * * We think that one not a beneficiary of a statute may neither base an action nor a defense on a violation thereof. *Carter v. Redmond*, 142 Tenn. 258, 263, 218 S.W. 217, 218.

Also see: *Green v. Crescent Amusement Co.*, 32 Tenn.App. 554, 223 S.W.2d 201 (1949).

■ An analogous situation would be a person housing his car in a locked garage because it had faulty brakes. If a culprit breaks in, steals the car and later is injured when he wrecks the car, could he then sue and recover from the owner? The answer is obviously in the negative.

In the instant case, there was a violation of a state ordinance, but this court cannot find that this violation was the proximate cause of the injury.

In *Pardue v. City of Sweetwater*, 54 Tenn.App. 286, 390 S.W.2d 683 (1965), a minor, aged 11 years and 8 months, in the company of three other boys went into city property to play around the defendant's water tank and to climb in. After his playmates had climbed the tank and descended, the minor climbed about half-way up the ladder, started down and fell, receiving serious injuries to his arms and back.

Justice Cooper in analyzing the position of a land owner and his responsibility as to his duty in regard to a minor child wrote:

[A] possessor of land is not under a duty to prevent every possibility of harm but only to exercise due care as to those risks which he should realize are unreasonabl[e] great and threaten serious bodily harm in a way unlikely to be appreciated by children whose trespass he should foresee. The ability to appreciate danger varies, of course, with the age of the child, and there can be no recovery if the child is of sufficient age and mental capacity to look out for himself under the circumstances presented. See Prosser on Torts (2d Ed. 1955) 441, 443–444; 2 Harper and James, The Law of Torts, 1453–1454. . . .

Whitworth, Sr., the owner of the tin shed, had a padlock on the only door to the building. The shed was surrounded by vegetation, and the hole in the back was not visible to anyone passing by. The minor knew he was on another's property and had no business being in the shed.

■■ We find that the minor was the cause of his own injuries. He was over fourteen years of age, knew what he had stolen and appreciated that dynamite was a dangerous substance. This is not the case of a child lured into danger by the creation of an attractive nuisance.

Therefore, it is the opinion of this court that the ruling of the trial court granting a summary judgment should be sustained. The costs are adjudged against the plaintiff.

MATHERNE and NEARN, JJ., concur.