JOANNE SHERRELL, et vir. )
JAMES SHERRELL, )
)
    Plaintiffs/Appellees, )
) Appeal No.
) 01-A-01-9607-CV-00313
VS. )
) Coffee Circuit
) No. 26,911
FOOD LION, INC., )
)
    Defendant/Appellant. )

**FILED**

**January 8, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF COFFEE COUNTY
AT MANCHESTER, TENNESSEE

THE HONORABLE JOHN W. ROLLINS, JUDGE

ROGER J. BEAN
CLIFTON N. MILLER
HENRY, McCORD, BEAN & MILLER, P.L.L.C.
300 North Jackson Street
Post Office Box 538
Tullahoma, Tennessee 37388
    Attorneys for Plaintiffs/Appellees

RICHARD D. MOORE
LEVINE, MATTSON, ORR & GERACIOTI
210 Third Avenue North
P. O. Box 190683
Nashville, Tennessee 37219-0683
    Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

The only issue in this slip-and-fall case is whether there is any material evidence to support the jury's finding of no fault on the part of the plaintiff. We affirm the judgment of the lower court.

## I.

Joanne Sherrell slipped in a puddle of water in aisle nine of the Food Lion store in Manchester and sustained an injury to her knee. Her claim was submitted to a jury on comparative fault principles, and the jury found Food Lion to be 100% at fault. On appeal Food Lion argues that as a matter of law Mrs. Sherrell's own fault contributed to her injury.

The proof showed that Mrs. Sherrell had shopped in another part of the store and was walking up aisle nine toward the cashier stations with the two items she intended to purchase in one hand and her purse in another. She was wearing flip-flop sandals. Her vision was not obstructed and she was not distracted in any way. About one-half to three-fourths of the way up the aisle Mrs. Sherrell slipped in some water on the floor.

There were three other customers in aisle nine. Two of them were at the rear of the store and another walked down the aisle from the front to the rear, where he met Mrs. Sherrell coming up the aisle in the opposite direction. All three of the other witnesses saw water on the floor. The two witnesses at the rear of the store saw several puddles of water all up and down the aisle; the other witness saw a puddle of water eighteen to twenty inches in diameter about fifteen to twenty feet down the aisle.

There were four store employees present when Mrs. Sherrell fell. None of them witnessed the fall but they all gave different versions of how much water was on the floor in aisle nine, either just before or just after Mrs. Sherrell fell. Two of them saw no water at all; one saw a small spot about the size of a half dollar; another saw a small puddle.

The pictures introduced by the defendant show that it may have been difficult to see water on the floor because of the floor's glossy finish.

II.

Whether Mrs. Sherrell should have seen and avoided the water on the floor in aisle nine is ordinarily a question for the jury. *Strawn v. SCOA Industries, Inc.*, 804 S.W.2d 80 (Tenn. App. 1990). The issue may be withdrawn from the jury only in those cases where the facts are established by evidence free from conflict and would support only one inference. *Frady v. Smith*, 519 S.W.2d 584 (Tenn. 1974).

In this case we cannot say that the facts lead only to an inference that Mrs. Sherrell would have seen the water on the floor if she had been exercising ordinary care. The differences in the testimony of the various witnesses and the photographs showing the floor surface make a question for the jury on how much water was on the floor and how easily it could have been seen. Under these circumstances we can't say that the trial court erred in approving the verdict.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Coffee County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

JOANNE SHERRELL, et vir.     )
JAMES SHERRELL,              )
                             )        Appeal No.
        Plaintiffs/Appellees, )       01-A-01-9607-CV-00313
                             )
                             )        Coffee Circuit
VS.                          )        No. 26,911
                             )
                             )        Affirmed
FOOD LION, INC.,             )        and
                             )        Remanded
        Defendant/Appellant.  )

# J U D G M E N T

This cause came on to be heard upon the record on appeal from the Circuit Court of Putnam County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the judgment of the trial court there is no reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the judgment of the trial court is affirmed. The cause is remanded to the Circuit Court of Putnam County for the execution of the judgment and for the collection of the costs accrued below.

Costs of this appeal are taxed against Food Lion, Inc., Principal, and United Pacific Insurance Company, Surety, for which execution may issue if necessary.

ENTER _____.


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE