# IN THE COURT OF APPEALS OF TENNESSEE

## AT NASHVILLE

TRACY MEADOWS HENRY,   )
   Plaintiff/Appellant    )
               )
VS.             )
               )
METROPOLITAN GOVERNMENT  )
OF NASHVILLE, DAVIDSON COUNTY)
D/B/A ST. LUKES PUBLIC HEALTH )
CLINIC          )
   Defendants/Appellees   )
_____)

DAVIDSON CIRCUIT NO. 95C-3415
APPEAL NO. 01A01-9804-CV-00208

**FILED**

May 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

Edward L. Hiland, BPR #5778
Attorney for Plaintiff/Appellant
214 Second Avenue North
Suite 105
Nashville, TN   37201

Daniel D. Warlick, BPR #10310
Attorney for Plaintiff/Appellant
611 Commerce Street
Suite 2712, The Tower
Nashville, TN   37219

John L. Kennedy, BPR #9109
Shayna Abrams, BPR #16702
Attorneys for Defendant/Appellee
204 Metro Courthouse
Public Square
Nashville, TN   37201

TRACY MEADOWS HENRY,     )
     Plaintiff/Appellant     )
         )
VS.     )
     )   **No.**
METROPOLITAN GOVERNMENT     )
OF NASHVILLE, DAVIDSON COUNTY)
D/B/A ST. LUKES PUBLIC HEALTH     )
CLINIC     )
     Defendants/Appellees     )
_____)

## OPINION

Plaintiff/Appellant Tracy Meadows Henry has Appealed for the Judgement of Trial Court granting Defendant's, Metropolitan Government of Nashville, Davidson County Tennessee d/b/a St. Lukes Public Health Clinic ( Metro) Motion for Summary Judgement and Dismissal of her Complaint.

In her Complaint, Plaintiff alleged that Metro, through its operation of St. Lukes, violated the relevant standard of care by failing to timely inform her of the laboratory results of her 1993 pap smear. Plaintiff also alleged that Metro was negligent in that it failed to properly maintain patient records at St. Lukes and that this negligence led to the failure of Metro to inform Plaintiff that the 1993 pap smear was positive for cancer.

On appeal Plaintiff presents two issues, the first of which is:

1. Did the [trial] court err in granting Defendant's Motion for Summary Judgement based upon a finding that Plaintiff could show no compensible physical injury.

Plaintiff correctly argues that the results of the pap smear should have been brought to the attention of the nurses at the clinic and the Plaintiff should have been informed of the results of her test in July 1993. Defendants do not deny this allegation. Following the subsequent pap smear in October 1994, Plaintiff was operated on for the removal of the cancer and the procedure in 1994 was the same as it would have been if the operation had been performed in 1993, a year earlier when the report results of the first pap smear were erroneously filed.

The undisputed testimony is that there was no medical reason to find that Plaintiff suffered any greater physical pain because the surgery was delayed. There is no evidence of recurrence of Plaintiff's cancer as of the filing of the brief some four years subsequent to the surgery. Plaintiff's

physician Dr. Charles W. Harlan testified there was only a slight possibility that the delay of surgery from July 1993 from November 1994 will increase a chance Plaintiff will develop cancer in the future. There is no evidence in this record that as a result of Metros negligence Plaintiff suffered any physical injury or pain.

The record taken as a whole shows no genuine issue as to any material fact. The defendants are therefore entitled to judgement as a matter of law. Berry vs. Whitworth (576 S.W. 2d 351, 352 Tenn 1978) see also T.R.C.P. 56.

Dr. Harlan testified there was only a possibility not a probability that the delay in the treatment in Plaintiff's cancer increased a possibility of a recurrence.

Metro argues that there are no material facts to be determined and argues that from the record it is clear that:

1.      Plaintiff's pap smear taken in July 1993 was positive for cervical cancer, in situ , but due to clerical error, results were not communicated to her until October 1994.

2.  The surgery performed on November 1, 1994 was the same procedure that would have been performed in 1993.

3.  The surgery performed in 1994 was apparently successful because Plaintiff has had no sign of a recurrence of cancer since the 1994 operation. The record shows that at the present there is only a 3% *"possibility" but not a probability* (emphasis is ours) that the delay in treatment could cause cancer to redevelop.

The material facts taken as a whole leads to but one conclusion; the Plaintiff has not claim for physical damages. Kilpatrick vs. Bryan (868 S.W. 2d 594, 603 Tenn 1993).

The Judgement of the Trial Court is affirmed, with cost of appeal assessed to Plaintiff Appellant.

_____
Samuel L. Lewis, Special Judge


_____
Houston Goddard P.J.


_____
Don McMurry, Judge