IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 8, 2000 Session

## SUSIE C. TACKETT, ET AL. v. HULIN D. SHEPHERD, ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. C13-196     James E. Walton, Judge**

―――――――――

**No. M1999-02333-COA-R3-CV - Filed February 23, 2001**

―――――――――

This case involves a two-vehicle accident between Defendant Jones Brothers Construction's truck and Plaintiff. The accident occurred on April 19, 1996, in Clarksville, Tennessee at the intersection of U.S. Highway 41-A North, also Fort Campbell Blvd, and Jack Miller Blvd. The Plaintiffs alleged that Defendant Hulin D. Shepherd ("Shepherd"), an employee of Jones Brothers Construction, was negligent by failing to yield when he exited a "private" road and entered onto a "public" highway. The Defendants denied that it was a "private" road, denied liability, and asserted comparative fault on the part of Plaintiff John Roe ("Roe"). At the trial in November 1999, Plaintiffs requested special jury instructions concerning "private" roads. The trial court rejected the special instructions. The jury returned a verdict of equal fault and the case was dismissed. The Plaintiffs timely appealed after Plaintiffs' motion for a new trial was denied. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and HOLLY K. LILLARD, J. joined.

Peter M. Olson, Clarksville, Tennessee, for the appellants, Susie C. Tackett and John H. Roe.

William B. Jakes, Nashville, Tennessee, for the appellees, Hulin D. Shepherd and Jones Bros., Inc., a/k/a Jones Brothers Construction.

**OPINION**

At the time of the accident, April 19, 1996, U.S. Highway 41-A had three (3) northbound lanes and three (3) southbound lanes. The accident at issue involved the U.S. Highway 41-A northbound lanes of travel. The middle and right lane were under construction. The far left lane was the sole lane for public travel, except for the crossing of the construction lanes for the purpose of entering or exiting driveways and intersecting streets. The construction lanes were separated with

barrels. The Defendant's dump truck was involved in the construction being performed on the Highway.

Plaintiff Roe was the driver and Plaintiff Susie C. Tackett ("Tackett") was the owner of and a passenger in the car. The Plaintiffs were in the far left, northbound lane of U.S. Highway 41-A at the Jack Miller Blvd. intersection. Plaintiff Roe attempted to make a right turn heading East onto Jack Miller Blvd. while the light was green and was hit by Defendant Jones Brothers Construction's dump truck operated by Defendant Shepherd. Defendant Shepherd was traveling north on Highway 41-A in the far right construction lane. The Defendant's truck hit the Plaintiff's car on the passenger side. At trial, Plaintiff Roe denied ever seeing the construction truck prior to impact. The jury returned a finding of equal fault and the case was dismissed upon the jury's verdict.

The Plaintiffs present three issues on appeal: (1)Whether the road was a "private road," (2) whether it is reversible error for the trial court to not give the special jury instructions regarding "private roadways," and (3) whether the Defendant breached a duty to yield. The special jury instructions requested read as follows:

> Ladies and Gentlemen of the Jury, the driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on the highway.
> Ladies and Gentlemen of the Jury, the definition of "Private Road or Driveway" as defined in Tennessee Code Annotated § 55-8-101 is as follows: "Private Road or Driveway" means every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from owner, but not by other persons.
> Ladies and Gentlemen of the Jury, any portion of highway under construction and not open to public travel is a private roadway.

The trial court refused to charge the jury these requested instructions.

Our standard of review as to findings of fact by a jury in a civil action is limited to determining whether or not there is any material evidence to support the verdict. Tenn. R. App. P. 13(d). Where the record contains material evidence to support the verdict, the judgment will not be disturbed on appeal. *Id.; See Overstreet v. Shoney's, Inc.*, 4 S.W.2d 694, 718 (Tenn.Ct.App. 1999)*; Whitaker v. Harmon*, 879 S.W.2d 865, 867 (Tenn.Ct.App. 1994) (citing Reynolds *v. Ozark Motor Lines, Inc*. 887 S.W.2d 822, 823 (Tenn. 1994); *Whitaker v. Harmon*, 879 S.W.2d 865, 867 (Tenn.Ct.App. 1994)). However, a trial court's conclusions of law in a jury trial are subject to a de novo review. *See Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 28 (Tenn. 1996).

On appeal, the Plaintiffs assert that the trial judge erred by refusing to charge the jury with the aforementioned instructions because the middle and right lanes of Highway 41-A northbound (the construction lanes) were "private" and that the duties of drivers on a "public" highway differ from those driving on a "private" road. If the construction lanes were "private," Defendant Shepherd

would have had a duty to yield to Plaintiffs. The jury found both drivers to be equally at fault. A jury charge will not be invalidated as long as it fairly defines the legal issues involved in the case and does not mislead the jury. *See Patton v. Rose*, 892 S.W.2d 410, 416 (Tenn.Ct.App. 1994) (citing *Grissom v. Metropolitan Gov't of Nashville*, 817 S.W.2d 679, 685 (Tenn.Ct.App. 1991). Thus, the central issue on appeal is whether the construction lanes were "public" or "private."

The Plaintiffs maintain that since the two (2) lanes were closed for construction, they were no longer "public." The Plaintiffs argue that according to the statutory definitions of "highway" and "private" road or driveway, the construction lanes were "private" because they were closed for construction and that public motorists would be cited for driving in them. A highway "means the entire width between the boundary lines of every way when **any part** thereto is open to the use of the public for purposes of vehicular travel." T.C.A. §55-8-101 (22) (emphasis added). There is no question that one of the three lanes was open to public travel. Further, the construction lanes were used by the public for ingress and egress from driveways and businesses. A "'[p]rivate road or driveway' means every way or place in **private ownership** and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons." T.C.A. §55-8-101 (43) (emphasis added). U.S. Highway 41-A was not privately owned.

In further support of Plaintiffs' argument, the Plaintiffs cite *Greer v. Underwood*, 461 S.W.2d 35 (Tenn.Ct.App. 1970). Appellants reliance on *Greer* is misplaced. In their brief, the Plaintiffs state that *Greer* "holds that a public highway under construction and not open to the public for purposes of vehicular travel is a private road." Contrary to Plaintiffs' assertion, *Greer* held that the road on which the accident occurred in that case "even though still under construction . . . was in fact a public highway and in no sense a private roadway or driveway." Id. at 237. In the present case, the trial court was correct in refusing to charge the jury as to "private" roads because all lanes of Highway 41-A were public.

The trial court properly charged the jury that since Mrs. Tackett was the owner of the car, the driver, Roe, was her agent, and that any fault upon the part of Roe would be attributable to the owner, Tackett. The Court further charged the jury:

> Ladies and gentlemen, in this case, each driver had a duty to drive with reasonable care considering hazards of weather, road, traffic and other conditions. Each driver was under a duty to maintain a reasonably safe rate of speed, to keep their vehicle under reasonable control, to keep a proper lookout under the existing situation, to see and be aware of what is in the driver's view and to use reasonable care to avoid an accident and to obey the traffic laws.

Questions of whether either or both parties breached the duty charged by the Court were matters upon which reasonable minds could differ thus presenting questions of fact for the jury. *See Frady v. Smith*, 519 S.W.2d 584 (Tenn. 1974). The jury found each driver to be in breach of duty and under comparative fault principles, each party to have been 50% at fault. Plaintiffs are thus precluded from recovery. *See McIntyre v. Ballentine,* 833 S.W.2d 52 (Tenn. 1992). There is

material evidence to support the verdict of the jury, therefore, it cannot be disturbed on appeal. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 718 (Tenn.Ct.App. 1999); Tenn.R.App.P. 13(d).

The judgment of the trial court is in all respects affirmed and costs are assessed to Appellants.

_____
WILLIAM B. CAIN, JUDGE